Cook, J.,
delivered the opinion of the Court.
Whitaker and others, assignees of Prentice & Bakewell, brought an action of assumpsit, in the Circuit Court of St. Louis county, against the plaintiffs in error, on a promissory note. The defendants plead non-assumpsit, and, by consent, the trial of the issue was submitted to the Court. The bill of exceptions tendered by the defendants, shows that on the trial, the plaintiffs produced in evidence, a joint promissory note to Prentice &. Bakewell, for §5,000, purporting to have been executed by Jacob Reed, for himself, and by Wahrendorff, Oberl and several others, by Jacob Reed, their attorney in fact. The counsel for the defendant objected to tins note being jeceived in evidence, unless Reed’s authority to execute it should also he produced. The Court overruled the objection, and permitted the note to be given in evidence, without the evidence of Reed’s authority to make it. The defendants then offered in evidence, a power of attorney, purporting to have been executed by Wahrendorff, Obcr, and others, reciting an association in co-partnership; for the purpose of purchasing a steamboat, to be kept and used for the benefit of the company; and authorizing Jacob Reed, one of the partners, to make (he purchase, and to execute promissory notes, or to draw or accept bills of exchange, for, on account, and in the name of each of them severally, for an amount for each of the partners, therein spec'ally limited ; and also proved, that one of the endorsees knew of the authority under which Reed acted, before the note was assigned by Prentice & Bakewell. The pla’nlifl’s then produced in evidence, the articles of co-partnership mentioned in said power of attorney,_ and, upon the whole matter, the Court gave judgment for the plaintiffs, to which the defendants excepted. The plaint.ffs in error rely on two grounds: First, that the Circuit Court erred in receiving said note in evidence, without evidence of Reed’s authority to make it; and, secondly, in giving judgment for the plaintiffs. The first question involves the construction of an act of the Territorial Legislature, which provides, that the Court, before whom any suit may be pending, Lu-ded on any writing, whether it be under seal or not, shall receive such ia evidence of the debt or duty for which it was given; and that it shall not be lawful *147 for the defendant to deny the execution thereof, unless it be by plea, supported by an affidavit of the paity. Before the adopt.on of the statute, a promisso.y note could not be given in evidence, until its execution was proved; and if it had been executed by agent or attorney in fact, the authority of such agent or attorney, was required to be shown, or produced with the noto. But it is contended in this case, that the failure, on the part of the defendant, to deny the execution of the writing, on oath, is an admission of its existence. If this be the proper construction of the statute, it would be unnecessary for the plaintiff to produce his writing in evidence, in any case, except where its execution should be denied by the oath of the defendant. It becomes necessary, then, to examine the provisions of this statute, with a view to the former law on the subject, and the evil intended to be remedied. We have seen, that, by the common law, it was only necessary for the defendant to deny (without oath) the execution of the writing declared on, to put the plaintiff to prove such execution, before the writing itself could be given in evidence. The inconvenience to be remedied, was that of calling witnesses to establish preliminary facts, Testing as well in the knowledge of one party as the other; and which, when established, could have no other effect than to • let in a material evidence, hy transposing the order of the provisions of the section referred to, we shall be better able to ascertain what change, in the former law, the Legislature intended to introduce: it would then road, “ that no defendant shall deny the execution of such writing, unless under oath; and any such writing, not thus denied, shall be received in evidence, &c., without proof of its execution.” The plaintiff would then be in the same situation, that he would at common law, after he had proved the execution of the writing declared on; but if the failure on the part of the defendant to deny, on oath, is an admission of the evidence of such writing, then the writing itself need not be produced; for it is a rule of law, well established, and founded in reason and the nature of things, that! that which is admitted in. pleading, need not be proved; and the provision in the statute, that such writing shall be received in evidence, would be entirely nugatory.
Hence, it seems to follow, that the Legislature rather intended to change the rulo of evidence in actions founded on simple contract writings, than to alter the character or increase the obligatory force of the writings themselves. Before the statute, it was not sufficient for the plaintiff merely to prove the execution of the writing declared on, but the writing itself was subject to rules of evidence. It must, on its face, import soms legal effect, otherwise it proved.nothing; and that legal effect must agree with that set out in the declaration, because the allegations and proof must correspond. Under the statute, the writings must be given in evidence, and must, be subject to the rules of evidence in like cases at common law. If the plaintiff, on tlie general issue, failed to produce the writing declared on, he would be without evidence in the cause; and if he should offer a writing, the legal effect of which should materially differ from that set out in the declaration, or one, which, on its face, should import no legal effect against the defendant, such writing could not be received in evidence, although its execution should have been proved, or admitted. The note given in evidence in this case, purpor ting, on its face, to have been executed by attorney in fact, was not, in law, evidence sufficient to charge the defendants; because, in law, it does not refer itself to them without the authority to execute it. The Circuit Court, therefore, incorrectly received such note in evidence, without proof of the authority of the attorney to make it. On the second point, the bill o'f exceptions is informal, and, in some degree, vague; yet, by the ordinary rules of con *148 struction, we think it shows, with reasonable certainly, that, upon the whole state of facts set forth in the bill of exceptions, the Court decided the law to be for the plaintiffs. Then, if this interpretation of the bill of exceptions be correct, the Circuit Court erred on this point. If the power of attorney does 'not warrant the act done under it, by the agent, the law is well settled, that the principal is not bound by the act of a special agent or attorney, unless the terms of such agency have been pursued; and, the act of Reed derived no validity in virtue of the partnership, because, the act done, shows that he did not profess to act as partner, but as attorney in fact.
We are, therefore, of opinion, that the judgmont of the Circuit Court, in this case* ought to be reversed, with costs.