## TATE & HOPKINS v. EVANS and others.

An agent appointed for a particular purpose, and acting under defined powers, cannot bind his principal by any act beyond his authority. Thus, where the authority was to draw upon the principal a bill of exchange at four months, and the bill drawn was antedated so as to become payable in less than four months, the principal was not bound.

Appeal from the St. Louis Circuit Court.

SPALDING and TIFFANY for Appellees.

MAY TERM.
1842.

Tate & Hopkins v.
Evans.

*Opinion of the Court, delivered by Scott, Judge.*

Tate and Hopkins sued Evans and Dougherty as acceptors of the following bill of exchange.

New Orleans, Nov. 28, 1839.

Four months after date, this first of exchange, second unpaid, pay Tate & Hopkins, or order, one thousand five hundred dollars, value received, and charge the same to account.

Your ob't. serv't,,

J. S. Arnold.

To Messrs. Evans & Dougherty. St. Louis.

The plaintiffs gave in evidence the following written authority, executed by Evans and Dougherty to J. S. Arnold, to draw the said bill of exchange.

St. Louis, 28th Nov., 1839.

We hereby authorise Mr. J. S. Arnold to draw on us for an amount not exceeding fifteen hundred dollars, at four months date, and we hold ourselves responsible for the acceptance and payment of the same.

Evans & Dougherty.

It was proved that the bill of exchange was actually drawn on the 23d December, 1839, and antedated 28th Nov. 1839, and that the plaintiffs took the said bill on the faith of the letter of credit above recited.

On this evidence the court below, sitting as a jury, found a verdict for the defendants; a motion for a new trial was made and overruled, and the cause is brought here by appeal.

The only question arising on the record is, whether there is any evidence of the acceptance by Evans & Dougherty of the bill of exchange offered in proof, it having been ante dated, and hence not in fact payable at 'four month's date, and so not in conformity to the authority conferred in Arnold, the drawer.

The difference between a general and special agent is well understood. The principal is bound by the acts of a general agent, provided they are within the scope of his authority. But an agent appointed for a particular purpose, and acting under defined powers, cannot bind his principal by any act beyond his authority. Story on Agency, 63, 73. Thus in Batty v. Carswell, 2 John. 48, the authority was limited to a single act, to be performed in a particular manner. The authority was to execute a note for two hundred and fifty dollars, payable in six months. The agent gave a note payable in sixty days. The court held the principal was not bound. This case seems in point.

Judgment affirmed.