Benjamin Walker, Respondent, v. St. Louis National Bank, Appellant.

### January 29, 1878.

A bank teller is an agent acting under a special or express authority, whose appointment is not such as that any implication of undefined powers can arise; the bank holds him out to the public as an agent with limited powers, and his statement that an indorsement upon a check is genuine will not bind the bank.

Appeal from St. Louis Circuit Court.

*Reversed, and judgment.*

Hitchcock, Lubke & Player, for appellant, cited: *Davis, etc., Bank* v. *Sailor*, 63 Mo. 24; *Harrigan* v. *First National Bank*, Ch. Leg. N., Dec. 22, 1877; *Foster* v. *Essex Bank*, 17 Mass. 479; *Salem Bank* v. *Gloucester Bank*, 17 Mass. 1; *Mechanics' Bank* v. *Bank of Columbia*, 5 Wheat. 326; *Merchants' National Bank* v. *Sells*, 3 Mo. App. 85.

F. J. Bowman and J. T. Tatum, for respondent: A representation officially made by an officer or agent of a corporation is to be deemed the representation of the corporation itself.— *Mechanics' Bank* v. *Schaumburg,* 38 Mo. 244; *Christian University* v. *Jordan*, 29 Mo. 68; *Moore* v. *Bank of Commerce*, 52 Mo. 377; *Lunstross* v. *Insurance Co.*, 57 Mo. 109; *Mussey* v. *Eagle Bank*, 9 Metc. 313; *Merchants' Bank* v. *State Bank*, 10 Wall. 644. Proof of authority is unnecessary. — *North, etc., R. Co.* v. *Winkler*, 33 Mo. 354. The

bank may limit the authority of the teller as they deem proper, but this will not affect those to whom the limitation was unknown. — *Commercial Bank* v. *Norton*, 1 Hill, 501; *Bank* v. *Warren*, 7 Hill, 94; *Beers* v. *Phœnix Glass Co.*, 14 Barb. 358; *Farmers', etc., Bank* v. *Butchers', etc., Bank*, 14 N. Y. 624; *Barnes* v. *Ontario Bank*, 19 N. Y. 156; *Mead* v. *Merchants' Bank*, 25 N. Y. 146.

HAYDEN, J., delivered the opinion of the court.

This is an action to recover from the defendant the amount of a certain bank-check, on the ground that the teller of the defendant stated that the signature of the payee and indorser of the check was genuine, whereby plaintiff was led to take the check for value, and, the indorsement proving not genuine, lost its amount.   The petition avers that this check, which is addressed to the defendant, and requests it to pay to Sanford G. Scarritt, or order, $381, came into the hands of plaintiff in the ordinary course of business; that it was then indorsed "Sanford G. Scarritt," and was stamped as "certified to, W. E. Burr, Pt.;" that, before taking the check, the plaintiff presented it at the bank of defendant, and was by the defendant assured that the check was good, and would be paid upon presentation; that, relying on this, he took the check for value, and that afterwards, the check being duly presented, payment was refused.   The answer was a general denial.

It appeared in evidence that the indorsement was not genuine; that Bennett, the drawer of the check, had received a telegram, really sent by an impostor, but signed in the name of Filley, a correspondent of Bennett; and that the latter, as requested in the telegram, drew this check to pay a debt which, the telegram stated, Filley owed to Scarritt for furniture.   On March 18, 1875, the date of the telegram, some unknown person, at St. Louis, presented to Bennett a receipted bill made out to Filley, amounting to $381, and demanded payment, as by the telegram; that

Bennett, supposing the telegram and bill to be genuine, drew the check and gave it to the stranger, and took the receipted bill.    As Bennett had funds, the check was certified as good by the bank.

There was evidence tending to show that the plaintiff was a pawnbroker at St. Louis ; that, the check being offered to him by a stranger in payment for some diamonds, the plaintiff, after declining to take it, sent the check to the bank to see if check and indorsement were right ; that the messenger returned and said that the teller at the bank had said that the check was their own certified check, and that the indorsement was " as good as wheat," and that if the messenger would produce some one to identify him, he could get the money for the check ; that thereupon the messenger, being acquainted at another bank hard by, had, after indorsing the check, got the money on it there ; that of this money so obtained the plaintiff took part in payment of the diamonds, and handed the rest to the stranger, who disappeared. The plaintiff was obliged to take up the check.

There was evidence for defendant tending to show that Scarritt had never been a depositor or customer of defendant; that the duties of defendant's teller were to receive deposits and pay checks, and that he had no authority to certify them, such certifications being made by the president or cashier ; that payment of this check was stopped by some one coming from its drawer, before the bank that paid it presented it for payment.    The teller testified, he did not know Scarritt or his signature ; that he had told the plaintiff's messenger the check was good, and, on the messenger's being identified, would be paid, but had not looked at the indorsement, and had said nothing about it.    It is unnecessary to set out the instructions.    The jury found for the plaintiff, and the case is here by appeal.

The demurrer interposed by the respondent to the appellant's evidence should have been sustained.    There was nothing for the jury to pass upon, as, upon the facts,

let him put them as he may, the respondent has no case. One cannot make himself an agent by his own declarations, or thereby create his authority. Even in cases of ratification, the authority must come from the principal, the only difference being that there the authority retroacts, and, according to the maxim, is thus equivalent to a prior direction. Here there was no evidence tending to prove ratification of the teller's act, or from which it could be inferred that the appellant recognized the power of the teller to bind the bank by declarations to the effect that the indorsement was genuine, and the check would be paid on presentation. It is not necessary to consider the evidence of the appellant as to the teller's authority. It was the business of the plaintiff below to make out his case, and to show he had something for the jury to pass upon. One necessary step in his case was the authority of the teller to bind the bank by his statement as to the genuineness of the indorsement. No extraordinary authority was shown; the respondent relied on the fact that the man was acting as teller, and was such. But a teller is an agent acting under a special or express authority, and not one so appointed by a principal that there can arise any implication of undefined powers. By the nature of a teller's employment, his duties are defined with an approach to exactness. Such a one, sometimes called a special agent, though the phrase is open to objection, the principal holds out to the public as an agent with limited powers, and with such a one third persons deal *suo periculo*. This principle has its most restricted application where the agent is such for a particular act ( *Wahrendorff* v. *Whitaker*, 1 Mo. 205 ; *Tate* v. *Evans*, 7 Mo. 419), and a more extended one where the agent is authorized to do only a series of similar acts, defined by the nature of the employment. Here, the respondent was bound to know that the teller, as such, had no power to bind the appellant by stating that the indorsement was good. Upon the genuineness of indorsements depends the legal title to nego-

tiable paper; and it was obviously no business for which the appellant put the teller there, to pass upon matters involving third persons' title to property. With as much force it might be contended that the bank would be liable if, after a similar statement by the teller, the words of the indorsement proved legally insufficient. If a statement that an indorsement is "all right" and a check "will be paid" binds in one part of its scope, why should it not in all parts? But as an insufficient knowledge, on the part of the teller, of the doctrine, for instance, of restrictive indorsements could hardly make the bank liable, the teller not being held out as a legal adviser to the community, so the appellant, for the same reason, cannot be held on the facts of this case.

A confusion seems to have arisen from confounding acts of the teller habitually done for the bank, or so assumed to be done, with acts of the teller done, not for the bank, but for strangers. It is assumed that a teller is constantly paying out money on checks, and so passing upon indorsements, and the conclusion is drawn that to pass upon all indorsements is within the scope of the teller's duties, and what he is authorized by the bank to do. But, in the first place, where a teller pays a check not payable to bearer, he requires the person presenting it to indorse it; and he must be a person known or made known to the teller, as appears in the present case by what was done when the check was taken at the Boatmen's Bank. But, independently of this, and if it be granted that a teller pays checks habitually upon his knowledge of the signatures of persons who are not customers of the bank (and respondent adduced no evidence tending to show that Scarritt was a customer of the appellant bank), such a custom, if proved, or habitual acts, if shown, could have relevancy in the present case only on the supposition that, where a principal confers upon an agent authority to do given acts for that principal, and thereby bind the principal, he confers authority upon such

agent to do similar acts for all persons, and thereby bind the principal. The act of the teller in passing upon an indorsement while engaged in his duties for the bank, his employer, is one thing ; but what, except on the supposition just stated, has this to do with the act of the teller in making statements about an indorsement at the request and for the benefit of a stranger? The true analogy would be that as the liability for mistakes in the former case rests between the bank and the teller, so in the latter case the liability would rest between the teller and the stranger who employed him. That an authority given by A. to his agent to use A.'s name and do acts in A.'s business does not imply any authority to use A.'s name or bind him in transactions between the agent and other persons, or for their benefit, is a point insisted on in *Mechanics' Bank* v. *Schaumburg*, 38 Mo. 228, cited and relied on by the respondent.

Counsel for the appellant has cited in his brief well-considered cases to the effect that the cashier of a bank, an officer of less restricted authority than a teller, cannot bind his principal by declarations like these here in question ; but while these cases, and others cited by him, confirm the conclusion, they are not essential to it. Nor is it necessary to consider the difficulties in the way of the respondent's recovery, arising from the fact that there is neither allegation nor proof to the effect that the statement of the teller was not an honest mistake. *Merchants' National Bank* v. *Sells,* 3 Mo. App. 85.

The judgment is reversed, and judgment will be entered here for the appellant. All the judges concur.