JACOB GREENWOOD AND MATHIAS M. FLESH, Appellants, *v.* PATRICK BURNS, Respondent.

1. *Agency — Collection — Payments, receipt of by agent, etc.* — An agent for collection has no authority to receive the payment for his principal in discharge of his own debt, and the agent's creditors could not set up such payment in satisfaction of the demand.

### *Appeal from St. Louis Circuit Court.*

*Daniel Dillon,* for appellants.

The court erred in giving said instruction; first, for the reason that there was no evidence to base it upon or to sustain it. The first part of the instruction reads : " If the plaintiffs authorized Mr. Oldham, the principal contractor, etc., to include the graining and gold numbering sued for in his account for extra work against defendant, and to settle for the same with defendant through the St. Louis Mutual House Building Company." * * * There was no evidence tending to prove that plaintiffs ever authorized Mr. Oldham to include the work, or any work, in his account for extra work against defendant, or that plaintiffs ever knew that Mr. Oldham had an account for extra work against defendant, or that plaintiffs ever knew that Mr. Oldham had an account for extra work, or for anything, against defendant. Plaintiff Greenwood testified (first part of p. 5 of bill of exceptions) that about the time the work was done defendant called on him and requested plaintiff to have their account for this

work included in Oldham's account for extra work against the company, and try in this way to obtain their money from the company.

*Harding & Crane,* for respondent.

WAGNER, Judge, delivered the opinion of the court.

This cause was originally brought before a justice of the peace, and on appeal to the Circuit Court it was tried without the intervention of a jury. The only question is whether the evidence justified the declaration of law given by the court of its own motion.

The case shows that the St. Louis Building Company was constructing a house for the defendant, and that one Oldham was the contractor under the company to erect and complete it. Oldham employed the plaintiffs to do the painting, and the defendant desiring some work to be done on the house additional to that contracted for by the company to be done, arranged with Oldham to do the extra work, and with the plaintiffs to do the graining and numbering. It is for this last work of graining and numbering that this action is brought. The principal witnesses in the case were the plaintiff Greenwood and the defendant, and there was some conflict in their evidence. Greenwood says he called on Burns, the defendant, and got the job to grain the house for $50, for which Burns agreed to give his two promissory notes at sixty and ninety days after the work should be done. Burns, on the contrary, says that he agreed to pay and give his notes for the graining, only in the event the building company did not make an appropriation for that purpose. When the work was finished the plaintiffs' bill was included in Oldham's account against the defendant for extra work; and here again there is a difference in the testimony, the plaintiffs saying that the bill was so included at defendant's request, and the defendant denying that he ever requested it. When the bill was presented to defendant by Oldham, he settled the whole account with Oldham by giving him in payment an order on the building company for the amount thereof, which order was accepted by the company and credited

to Oldham. It seems that Oldham had overdrawn his account with the company, and no cash was then paid him: Oldham failing to pay plaintiffs their money, they applied to defendant for payment and he refused, alleging that he had paid their bill once.

Upon these facts the court declared the law to be that if the plaintiffs authorized Oldham, the principal contractor, etc., to include the graining and gold numbering sued for in his account for extra work against defendant, and to settle for the same with the defendant through the House Building Company; and if, further, the defendant did include said graining and numbering in his account against Oldham, and defendant did give Oldham an order on the said building company for said graining, etc., for which Oldham received due credit in his dealings with said company, then plaintiffs cannot recover.

The court then rendered a verdict for defendant. The finding of facts in the court below will not be disturbed, and under the instruction it is evident that the court must have found that plaintiffs authorized Oldham to include their bill in his account against the defendant for extra work, and to settle for the same with defendant through the building company, and that Oldham did so include their bill in his account against defendant, and that the latter gave to Oldham an order covering their bill on the building company, and that Oldham received due credit for the order in his dealings with the company. If the plaintiffs did no more than invest Oldham with authority as a simple collecting agent, it is very clear that Oldham's action in receiving credit for the entire amount, including their bill, would not bind them; for an agent for collection has no authority to receive the payment for his principal in discharge of his own debt, and the agent's creditors could not set up such payment in satisfaction of the demand. But the case shows more than this. From the evidence the court might well infer that plaintiffs incorporated their bill with Oldham's, thus making it a part of Oldham's account, and this, according to defendant's testimony, without any solicitation from him.

The evidence shows that they were sub-contractors and employees of Oldham, for whom they had painted several other

houses built by him for the same company, and had been paid by him in orders on the company, and that they were employed and so paid for painting defendant's house by Oldham. When they had their bill for graining and numbering incorporated with Oldham's they authorized him to settle the whole thing, and they ought to abide by that settlement. The defendant settled this account as he did the others, and the plaintiffs acquiesced and never asked him for the notes, or rendered him any bill, or applied to him for payment, till after the lapse of several months after the work was done and the settlement was made with Oldham, and, it may be presumed, till after they found they could get nothing from Oldham, in whom they seem to have confided.

These facts would go far to justify the court in finding that the plaintiffs authorized Oldham to include their bill in his account for extra work against the defendant, and to settle that bill with the defendant through the building company; and if defendant, acting on that authorization, paid the bill once, he ought not to be compelled to pay it again. We think that the court was warranted in giving the instruction, and whether it found the facts according to the weight of evidence we will not inquire.

Judgment affirmed. The other judges concur.