NICHOLSON BROUGHTON *vs.* THOMAS W. SILLOWAY.

When the terms of a sale by auction require a cash payment, the auctioneer has no authority to receive as payment a check upon a bank in which the drawer has at the time no funds; and the vendor is not bound by the act of the auctioneer, though he omits to notify the vendee that he repudiates it.

CONTRACT for a refusal by the defendant to deliver to the plaintiff a deed of a parcel of land in Brighton, offered for sale by the defendant at an auction sale at which the plaintiff was the highest bidder.

At the trial in the Superior Court, before *Lord*, J., it appeared that the plaintiff was the highest bidder at the auction, and that he signed the contract of sale; that the contract provided that $500 should be paid at the time of sale; that the plaintiff, after the sale, which was on Thursday in the afternoon, gave his check for $500 to the auctioneer, who gave a receipt therefor as for $500 received; that the check was given in a house that was on the land; that the defendant was at the auction, but was not in the house where the settlement was made; that at the time the check was drawn and till about noon on Saturday there were not funds in the bank upon which it was drawn to meet it; that on Friday, the day after the auction, the plaintiff requested the auctioneer to hold back the check that the plaintiff might get notes discounted to provide funds to meet it; that the auctioneer told the plaintiff that he could not retain it, but that unless it was paid that day, the sale would be off; that the check was deposited between 11 and 12 on Friday; that the defendant was first informed of the facts on Saturday in the morning; that he then forbade the auctioneer from proceeding further in the business, revoked his agency, and stated that he should not go on with the bargain, as the conditions of sale had not been complied with by the plain-

tiff ; but that he gave no notice thereof to the plaintiff, and that he caused inquiry to be made for the check at the auctioneer's bank and at the Mount Vernon National Bank, on which bank it was drawn, but could not find it.

The auctioneer testified that pursuant to the usual course of business he should have had a return from the check by 10 o'clock Saturday morning. It further appeared, without contradiction, that at 12 o'clock on Saturday the plaintiff succeeded in borrowing $500 and in placing the same on deposit in the Mount Vernon Bank ; that the check was subsequently presented during bank hours of that day and paid on presentation ; that the amount of the check never went into the hands of the defendant, who refused to receive it, but remained in the hands of the auctioneer, and was subsequently repaid by him to the plaintiff, who received it under an agreement that the receipt should be without prejudice ; that on Saturday afternoon at about 3 o'clock, and while the money was to the auctioneer's credit in his bank, the parties met for the first time after the defendant had discovered the facts about the check ; that the defendant informed the plaintiff that he should go no further with the sale, as the plaintiff had given him a fraudulent check, and had failed to comply with the terms of the sale, and was not entitled to a deed ; and that the defendant afterward, and before the time within which by the terms of the sale he was to deliver a deed to the plaintiff, sold the land to a third person.

The defendant contended, and asked the court to rule, that he was entitled to a verdict, and asked the court to rule as follows :

" That the auctioneer had no authority to take a check instead of cash, at all events a check drawn on a bank in which the plaintiff had, at the time of drawing the same, no funds.

" That if the auctioneer had, by virtue of his position, authority to take a check and did take one, yet if before the check was paid the defendant ascertained that the check did not represent funds, he could revoke the authority of the auctioneer, and if he did so immediately upon ascertaining the facts, the subsequent payment of the check to the auctioneer would be without authority, and would not be such a payment as would be a compliance with the terms of sale and entitle the plaintiff to a deed."

Broughton *v.* Silloway.

But the court submitted the case to the jury on the following instructions : " If Silloway was present and saw the check taken, or if the check was taken in his absence and was drawn against funds, and good in the ordinary course of business, the plaintiff can recover. If the defendant, having ascertained that the check was drawn against no funds, repudiated the contract, he had a right to do so; if he did so, the plaintiff cannot recover. If he did not repudiate the contract, and the check was subsequently paid on its first presentation at the bank upon which it was drawn and in the usual course of business, then the plaintiff is entitled to recover. Mere revocation of agency would not be of itself necessarily a repudiation of the contract. Merely saying to the auctioneer that he was no longer an agent would not effect this, if the contract, having been already partly performed, was subsequently carried out by the payment of the check in the usual course of business, without notice of revocation of the agency of the auctioneer. If the contract was subsequently carried out, the plaintiff can recover; otherwise he cannot."

Other instructions, as to the contract and what was performance, and what failure to perform, were given, which were not objected to. The jury returned a verdict for the plaintiff, and the defendant excepted.

*W. W. Warren,* for the defendant.

*A. A. Ranney,* for the plaintiff.

GRAY, C. J. The terms of the contract of sale requiring $500 to be paid down, the auctioneer had no right, by virtue of his employment as such, and without express authority, to bind the defendant by accepting as cash a check drawn against a bank in which the drawer had at the time no funds. *Sykes* v. *Giles,* 5 M. & W. 645. *Williams* v. *Evans,* L. R. 1 Q. B. 352. *Taylor* v. *Wilson,* 11 Met. 44. Story on Agency, § 209.

There was no evidence in the case that the drawer had funds in the bank when the check was drawn, or that the defendant knew that the auctioneer had taken a check until the second day afterwards, or ever assented to or ratified the taking of the check. The act of the auctioneer in taking the check being unauthorized, it was not necessary for the defendant to repudiate it.

It follows that the defendant was entitled to the first instruction requested, and that the instructions given did not meet the requirements of the case. *Exceptions sustained.*