DRAIN v. DOGGETT, BASSETT & HILLS.

1. **Principal and Agent:** POWER OF AGENT: PROMISSORY NOTE: ATTORNEY. The holder of a note, if an agent or attorney, has no right to receive in payment anything except money, unless specially authorized so to do by his principal or client.

2. ———: ———: RULE APPLIED. D. owing D., B. & H., gave them his note, and as collateral security therefor the note of B., which was secured by a policy of insurance. The building covered by the policy having burned, the company gave the attorney of D., B. & H. a draft to pay the amount of the insurance which, by the insolvency of the company, became worthless. The attorney was not authorized by his client to receive the draft: *Held*, that it did not amount to a payment upon the note of B. and that D. was liable for the full amount of his note.

*Appeal from Fremont Circuit Court.*

FRIDAY, DECEMBER 10.

ACTION at law. There was a verdict and judgment for plaintiff. Defendants appeal. The facts of the case appear in the opinion.

*C. H. Wynn* and *W. A. Stow*, for appellants.

The possession of a note by an attorney or agent for collection does not authorize him to take a draft in absolute payment. (*Graydon, Stanwick & Co. v. Patterson & Co.*, 13 Iowa, 256.) It is the debtor's duty to see that the agent has special authority to do what is not within the general scope of his authority. (*McCamer v. Nealy*, 1 G. Greene, 360; 2 Parsons on Contracts, 615.) Where a bill or draft is not accepted, there should be strong evidence that the bill was taken in payment at the risk of the creditor. (2 Parsons on Notes and Bills, 158.) The drawee having refused acceptance, the draft was worthless and the consideration failed. (1 Greenl. on Ev., 373; *Kephart v. Butcher*, 17 Iowa, 240.) The presumption is that a draft or check is taken as collateral security or conditional payment and not absolute payment,

and the burden is upon the party seeking to establish the contrary. (2 Greenl. on Ev., 509–13–53; *McLaren v. Hall*, 26 Iowa, 296.) There must be an express agreement shown that the creditor takes it at his own risk. (2 Parsons on Notes and Bills, 158.) Where a note is not taken up and no receipt given, a presumption exists that it has not been satisfied. (*Jones, Scott & Co. v. Fennimore*, 1 G. Greene, 134.)

. *J. W. Dalbey*, for appellee.

Oral evidence to prove the existence of a written instrument is inadmissible only when that fact is disputed. (1 Greenl. on Ev., § 85.). The existence of the instrument must be material to the issue to justify the exclusion of oral evidence. (Id., § 88; *Lyon v. Barrows*, 13 Iowa, 428.) Where payment is pleaded, the *fact* of payment, and not the manner, is the basis of the defense. (*Morrison v. Myers & Turner et al.*, 11 Iowa, 538.) The party seeking to rescind his contract because of failure of consideration, and to avoid liability, must return the property or evidence of indebtedness acquired under the contract, or show some reasonable excuse for not doing so. (Parsons on Con., Consideration § 2.)

BECK, J.—The petition alleges that plaintiff, being indebted to defendants, delivered to them, as collateral security, a note of hand on one Bryan, which was collected by defendants and the amount was not credited upon plaintiff's indebtedness. In ignorance of the fact of the collection of the Bryan note, plaintiff paid the full amount of his original indebtedness to defendants, and he now brings this suit to recover the amount of the note used as collateral security. The defendants deny the averments of the petition.

There was evidence tending to prove that the Bryan note was secured by a policy of insurance on a building, which, in case of loss, was to be paid to the holder thereof to the extent of the amount due thereon. The building was burned, and, upon the adjustment of the loss, the agent of the insurance company gave to the attorney of defendants, who at the time held the note, a draft for the amount due. This was never

paid and the insurance company was insolvent. There was no evidence to prove that the attorney of defendants was authorized by his clients to receive the draft from the insurance company in payment of the Bryan note.

The court instructed the jury that if they found the draft was accepted by the attorney in payment of the note, they should render a verdict for plaintiff, and refused an instruction asked by defendants to the effect that an attorney cannot receive in payment of a collection in his hands any thing except money, without authority so to do from his client.

The ruling of the court upon these instructions is erroneous; the one given should have been refused, and that asked by defendants should have been given.

The law is well settled and has been so held by this court, that the holder of a note for collection, if an agent or attorney, has no right to receive in payment anything except money, unless specially authorized so to do by his principal or client. *Graydon, Stanwick & Co. v. Patterson & Co.*, 13 Iowa, 256.

Other points presented and discussed by counsel of the parties need not be considered.

REVERSED.