WHEELER & WILSON MANUFACTURING COMPANY, PLAINTIFF IN ERROR, v. GIVAN.

1. **Agent to sell:** IMPLIED POWERS. An agent authorized to sell goods on commission has no implied power to barter or exchange them, or to pledge them for his own debt. He may receive payment in the ordinary modes of business, but cannot change the security for goods sold, or make himself the debtor of his principal in lieu of the purchaser.

2. **Case Adjudged.** In suit upon a note given for the purchase money of a sewing machine bought of plaintiff's agent, it is no defence that the maker has furnished board to the agent in payment of the note under an agreement made at the time of the sale, where it appears that the maker had notice that the agent was not authorized to make such agreement and the plaintiff never consented to it.

*Error to Cass Circuit Court.* — HON. F. P. WRIGHT, Judge.

*Boggess & Sloan and R. F. Railey* for plaintiff in error.

1. An agent to sell is not authorized to barter or dispose of his principal's goods or property in any unusual manner. *Benny v. Rhodes*, 18 Mo. 147.

2. The board furnished to Moore, the agent, cannot be treated as a payment. He could receive nothing but money in payment, unless otherwise expressly directed, or that power might be deduced from the habits of the parties or the customs of the trade. Story on Agency, 6th Edition, sections 98, 181, 215, 413, 429, 430; *Buckwalter v. Craig*, 55 Mo. 71; Wharton on Agents, sec. 210.

3. No antecedent or contemporaneous verbal stipulations or agreements between the contracting parties can be admitted in evidence to contradict or vary the terms of a written contract. *Helmrichs v. Gehrks*, 56 Mo. 79 ; *Murdock v. Ganahl et al*, 47 Mo. 135 ; *Cockrill v. Kirkpatrick*, 9 Mo. 688; *Woodward v. McGaugh*, 8 Mo. 161; *Singleton v. Fore*, 7 Mo. 517 ; *Lane v. Price*, 5 Mo. 101 ; *Ashley v. Bird*, 1 Mo. 640; *Kochring v. Mumminghoff*, 61 Mo. 407 ; *Forsyth v. Kimball*, 91 U. S. 291 ; *Heywood v. Perrin*, 10 Pick. 228.

4. A party dealing with an agent of limited power, and making a contract beyond the authority of the agent with knowledge of such limitation of authority, cannot hold the principal bound thereby. Story on Agency, 6th Edition, secs. 73, 127, 133, 63, 98 ; 1 Parsons on Contracts, 3d Edition, page 41, note f, and authorities there cited. *Tate v. Evans*, 7 Mo. 419 ; *Goodman v. Simonds*, 19 Mo. 106. 1 Am. Leading Cases, 5th Edition, marginal page 561, top page 680 and note 1 ; *Flanagan v. Alexander*, 50 Mo. 51 ; *Hoffman v. John Hancock Mutual Life Ins. Co.*, *Chicago Legal News*, May 27, 1876 ; s. c. 3 C. L. J. 448.

*Hall & Givan* for defendant in error.

1. The agent had the machines in his possession, had power to sell them and receive pay for them, to collect notes before given for machines—in short, make any and all contracts in reference to the sale of machines. No limit to his agency anywhere appears. It was competent for him to make such a contract as he did make with defendant. The agreement to take part of the pay for the machine in board was an inducement to defendant to buy the machine. It was a part of the *res gestae*. The authority of an agent need not necessarily be proved by an express contract, but may be proved by the habit and course of business of the principal, and if a man holds out another as his agent, and thus induces persons to deal with him as agent, the principal is estopped as to such third parties from denying the agency by which such agent has been transacting such business. *Brooks v. Jameson*, 55 Mo. 505.

2. The power to sell includes the power to receive payment, and a party who is intrusted with the possession of goods to sell them is also entitled to receive payment. Story on Agency, Sec. 102. *Johnson v. McGruder*, 15 Mo. 365 ; *Sumner v. Saunders*, 51 Mo. 89 ; *Brooks v. Jameson*, 55 Mo. 505; *Rice v. Groffman*, 56 Mo. 434 ; *Lumley v. Corbett*, 18 Cal. 494.

.3. Whenever one of two innocent parties must suffer by the act of a third, he who has enabled such third party to occasion such loss must sustain it. 1st Parsons on Contracts, page 938 chapt. 3 ; *Hanks v. Drake*, 49 Barb. 186; *Rice v. Groffman*, 56 Mo. 434.

4. The statement or memorandum at the top of the note in reference to the authority of agents is no part of the note—*is not a condition on the margin of said notes.* It is not signed by A. Sumner nor does it purport to be a restriction on any of A. Sumner's agents.

NORTON, J.—This was a suit instituted before a justice of the peace in Cass county, on two promissory notes, one for the sum of $20.00, and the other for $25.00. There was a trial before the justice and judgment for the defendant, from which plaintiff appealed to the Circuit Court, where, upon a trial *de novo*, judgment was again rendered for defendant, from which plaintiff, after an ineffectual motion for a new trial, has appealed to this court. On the trial it was agreed by the parties that the evidence would show that the notes sued on were executed in part payment for a Wheeler & Wilson sewing machine, sold by J. W. Moore as the agent of A. Sumner, the payee in said note ; that said Sumner at the date of said notes was the general agent of plaintiff, and since the maturity of the same, transferred them to plaintiff ; that the whole amount of the other notes given for said machine has been paid in cash by defendant, and a portion thereof was paid to Moore; that at the time of the sale of said machine, it was agreed between defendant and said Moore, that said defendant should board said Moore and his wife, who was helping him, and his team, which was being used in the selling of machines, at a stipulated price for board then agreed upon, and that the amount of such board should be received in payment on said machine, and credited on the notes given for the same; that such agreement was one of the inducements to defendant to purchase the machine; that said Moore agreed to have the

amount of such board credited on the notes, and to receive
it in payment thereof, and that this agreement was made
at the time of the sale, and immediately before the execu-
tion of the notes; that the amount paid by defendant in
such board, on said notes, equals or exceeds the balance of
the notes sued on; that said Moore, as agent for said Sum-
ner, sold Wheeler & Wilson sewing machines for cash, and
received the money therefor, and as such agent, collected
notes given for said machines to said Sumner; that the
commission of said Moore as agent, was twenty-one dol-
lars on each machine, and he was to pay his own expenses;
that during the time he boarded with defendant, he sold
fifteen or twenty of them; that plaintiff nor said Sumner
ever ratified said agreement, and that no credit was ever
entered on said notes for board, and that the same have
been in the possession of plaintiff and said Sumner, and
that they knew nothing of said alleged agreement.

I.   Upon the above facts the case was submitted to the
court without the intervention of a jury.  The refusal of the
court to give the following instruction on
behalf of the plaintiffs, is the error com-
plained of:  " If the court believes from the evidence that
the defendant executed the notes read and sued on in this
case, then the court should find for the plaintiff the
amount which appears to be due thereon, notwithstanding
the court may also believe that the defendant may have
made with the agent who sold the machine for which said
notes were given, the cotemporaneous parol agreement
mentioned in the statement of the evidence, and may have
furnished board to said agent, pursuant to said agreement
of value equivalent to the sum so due on said notes."  The
facts in the case show that Moore, the agent who sold the
machine in question had authority to sell, and that he was
to receive, as compensation for his services, twenty-one
dollars for each machine sold.  Under this authority he
had a right only to sell, and in exercising this right in the
absence of particular instructions, might sell according to

1. AGENT TO SELL:
implied powers.

the usual mode of dealing in that particular trade, and might sell on credit if such sales were customary. in that business and locality. He had no right to barter, exchange, or pledge the property thus entrusted to him for sale, for his individual debt, antecedently contracted, or to be subsequently contracted. This is especially true in this case as the defendant was notified by a statement in the margin of the notes, "on which this suit is brought," that "no agent is authorized to make any contract or verbal promise differing from that written and printed on the face of this note," and the further condition, " that it is agreed between the maker of this note and A. Sumner that the Wheeler & Wilson Sewing Machine No. R. 488, for the use of which, to the maturity thereof, this note is given, is and shall remain the property of A. Sumner, and that in default of payment thereof said machine shall be returned to said Sumner, his agent or attorney." In the case of *Berry et al. v. Rhodes*, 18 Mo. 147, it was held that when A consigned goods to B for sale on commission, a sale of them by B to C in payment of an antecedent debt of B to C did not divest A of his title in the goods. The court, in its opinion, quotes approvingly the case of *Holton v. Smith*, 7th N. H. 446, in which it was held that an agent having the goods of his principal to sell, cannot sell them to his own creditor in payment of his debt so as to pass title.

II.   Although an agent (known to be such) is ordinarily entitled to receive payment of any debt due to his principal in the course of his agency, yet he does not thereby acquire any right to receive payment except in the ordinary modes of business. He has no right to change the security of his principal for his debt, or to make himself the debtor of the principal for the like amount in lieu of the person who owes the debt, without the consent of the principal to that effect. If an agent has authority to receive for his principal a debt due from a third person to him, and the agent owes a like amount, or a greater, he has no right to substitute himself

2. CASE ADJUDGED.

as the debtor of the principal, giving him credit for the amount, or to set off the debt due by him to such third person. Story on agency, sec. 413, 429, 430; *Buckwalter v. Craig*, 55 Mo. 71; *Greenwood v. Burnes*, 50 Mo. 52; Wharton on agents, 210; *Flanagan v. Alexander*, 50 Mo. 51. The defendant dealing, as he was, with an agent of limited power, knowledge of which was imparted to him by the recitals on the margin of the note, could not bind the principal by making a contract beyond the authority of the agent. 1 Parsons on contract, 41; *Tate v. Evans*, 7 Mo. 419; *Goodman v. Simonds*, 19 Mo. 106. We therefore, in the light of the facts of this case and authorities, think the court erred in refusing the instruction asked for by plaintiff, and for this reason the judgment will be reversed and the cause remanded. The other Judges concurring, except Judge SHERWOOD, absent.

REVERSED.