C. H. McCORMICK ET AL., PLAINTIFFS IN ERROR, V. JOHN KEITH, DEFENDANT IN ERROR.

1. **Practice:** ERROR: MOTION FOR NEW TRIAL. In order to make errors committed by the court below on the trial, in ruling upon the evidence, or in giving the law to the jury, ground for reversing the judgment, the record must show that they were clearly pointed out to the court below in the motion for a new trial.

2. **Agent:** HIS AUTHORITY IN COLLECTING DEBTS: An agent for the collection of a debt cannot lawfully accept in discharge thereof his own individual obligation to the debtor, unless authorized to do so by his principal.

3. ————: ————. And even if the agent be specially empowered to compromise, and accept personal property in satisfaction of money demands, this will not authorize him to extinguish a debt due the principal by setting off against it his own debt.

ERROR from the district court for Dodge county. The facts are sufficiently stated in the opinion.

*W. A. Marlow*, for plaintiffs in error.

*Marshal & Sterett*, for defendant in error.

LAKE, J.

Of the several errors assigned, only a single one, the fifth, will be considered. By this one it is averred that: " The verdict of the jury is not supported by the evidence, and is contrary to the law of the case." Those assignments relating to the rulings of the judge on the admission of evidence, and to the instructions to the jury, wholly fail to distinguish the particular testimony or instructions on which reliance is placed as ground of error. And this want of particularity characterized the motion for a new trial also. The record must show that the particular testimony admitted or rejected, and the particular instructions given or refused, and concerning which errors are claimed to have been committed, were clearly pointed out to the court below in the motion for a new trial, or they will not be considered by this court. And this rule applies and must be observed as to every error alleged to have been committed by the trial court in ruling upon evidence, or in giving the law of the case to the jury in order to make them grounds for reversing the judg-

,ment.    See *Lynam v. McMillan, ante* p. 135, and cases there cited.

The action was brought to recover the amount called for by two promissory notes given by the defendant for a reaper sold to him by H. C. Addis, the plaintiff's general agent for this state.    The defense was payment and satisfaction by labor performed for and credits owing to the defendant from said Addis personally, and which were received and accepted by said H. 'C. Addis    *    *    *    in full satisfaction and payment of said notes.

The only testimony to sustain this defense was that of the defendant himself, which, however, was totally contradicted by that of Addis on the question of payment.    But taking the testimony of the defendant as if it stood alone, and as entitled to full credit, does it constitute a defense to these notes?    Laying aside the testimony of Addis altogether, all that is proved is, that in several business transactions between the defendant and Addis personally—not as the plaintiff's agent—Addis became indebted to the defendant in a sum about equal to that of these notes, and in consideration of such indebtedness, acknowledged satisfaction of the notes, which, however, were not then in his possession, and gave to the defendant a receipt showing full payment, but which receipt he now claims is lost.    The chief part of this indebtedness arose out of the sale of a building belonging to the defendant to the City of Omaha, and for which Addis received and retained the sum of one hundred and twenty-five dollars. In the sale of this building, however, Addis was the agent of the defendant, and acted under his express direction; the plaintiffs had nothing whatever to do with it.    In short, the defendant's testimony, if taken as literally true, shows that whatever amount was due to him in consequence of his several transactions with

Addis, was purely a personal indebtedness, and created no sort of obligation against the plaintiffs. There is no testimony to show—indeed it was not claimed—that Addis paid to the plaintiffs or in any way accounted to them for the amount of his personal liability to the defendant. Neither is it pretended that the plaintiffs ever agreed or in any way assented to the substitution of Addis, their agent, in place of the defendant as their debtor. They held these two notes which called for money only, and, for aught that appears, relied alone upon the obligations which they evidenced for the recovery of the amount due them as the price of the reaper.

Thus in the most favorable view of the case for the defendant, we have presented the simple question whether a general agent for the collection of a debt can lawfully accept in discharge thereof his own obligation to the debtor. No authority has been cited, nor is it probable that one can be found, to sustain such a proposition. The general rule applicable to a case like this is, that the agent, in the absence of authority from his principal, either express or implied, can accept only money in discharge of the debt. And doubtless, feeling the force of this rule, there was an attempt made to prove that Addis had authority, when in his judgment the interests of his principals required it, to compromise, and accept personal property in payment and satisfaction of money demands. And it is probable that on several occasions he had done so in the settlement of what he considered "doubtful claims." But conceding that he had authority to do this much, it would by no means follow that he could extinguish a debt due to his principals by setting off against it his own debt. The authority proved was to accept property in payment of a money debt; the authority claimed is to satisfy the debt by receiving

nothing. The defendant cannot satisfy these notes in this way. As was said in *Todd v. Reid*, 6 Eng. Com. Law, 455, "It was but an attempt to pay the debt of one person with the money of another." This the law will not tolerate. See also *Greenwood v. Burns*, 50 Mo., 52. *Farrer, et al., v. Triplett*, 7 Neb., 237. For these reasons the judgment of the court below is reversed and a new trial awarded.

REVERSED AND REMANDED.