## MATTHIAS BURGER v. MARTIN LIMBACH.

*Sale—Dealings with a clerk on the latter's personal account.*

B bought goods of L's clerk, and in an action for their value defended on the ground that by L's authority the clerk had sold them for wood to be delivered to himself. B sought to prove this defense by calling the plaintiff L as a witness, but L testified that he did not authorize his clerk to sell on his own account or to sell for wood, and that it had not been his custom to allow him to sell in that way. *Held* that B could hardly complain of the refusal to allow him to ask L if he had not on other occasions permitted his clerk to sell on his own account; or to go over in a general way the ground which had already been occupied by more definite questions and answers.

An action for the value of merchandise was defended on the ground that by plaintiff's authority the sale had been made by his clerk on the latter's own account, and payment had been made to the clerk in wood. Defendant called the plaintiff as his witness, and the latter's testimony showed that the sale had been in part on credit and in his presence, but that he had not authorized the clerk to sell on his own account. The bill of exceptions states that it did not appear that plaintiff knew of any other arrangement between defendant and his clerk, and there was no evidence that any part of the negotiation took place at any other time. *Held* that the court did not err to defendant's

prejudice in refusing to allow him to swear that on the occasion of the sale he had made a private arrangement with the clerk to pay him in wood.

Error to Wayne. Submitted Oct. 15. Decided Nov. 29.

ASSUMPSIT. Defendant brings error.

*D. E. Prescott* and *W. L. Carpenter* for plaintiff in error.

*Van Dyke & Brownson* for defendant in error. An agent authorized to sell property must sell for money unless otherwise specially instructed, *Howard v. Chapman,* 4 C. & P., 508; *Sykes v. Giles,* 5 M. & W., 645; he can bind his principal only to the extent of his authority and is presumed to be authorized to sell only in the way in which such goods are usually sold, *Kent v. Tyson,* 20 N. H., 121; *Robinson v. Green,* 5 Har. (Del.), 115; Story's Agency, 75, 209; *Delafield v. Illinois,* 26 Wend., 223; *Ives v. Davenport,* 3 Hill, 374; *Shaw v. Stone,* 1 Cush., 228.

GRAVES, J. Limbach, a hardware dealer, sued Burger before a justice of the peace for part of the purchase price of a stove and certain pipe and zinc sold to Burger some time before. He recovered before the justice and afterwards on appeal, and Burger has brought the case here on exceptions.

At the time the articles were sold one Herbst was serving Limbach as his clerk, and the theory of the defense in the circuit court was that Herbst, by authority of Limbach, sold the goods for wood to be paid to himself, and that the wood had been paid, and to prove this defense he made Limbach his witness; and the latter, testifying in that character, swore that Herbst was clerk for him, and sold the goods to Burger, and in effect that the sale was in his presence. But he further testified, as Burger's witness, that he did not authorize Herbst to sell on his own account, or to sell for wood, and moreover that Herbst on the very occasion told

him that Burger wanted to buy on credit, and inquired of witness if he should sell in that way, and that witness told him to do so, and that Burger said he would pay and actually did pay five dollars. He also swore on Burger's part that it had not been his custom to allow Herbst to sell goods for pay to be taken by himself. Having made this explicit showing by Limbach as his own witness, Burger is hardly justified in complaining of the refusal to allow him to inquire further of Limbach whether he had not on other occasions permitted Herbst to sell on his own account; nor of the refusal to let him go over the same ground in a general way, which had been covered already by more definite questions and answers.

The defense impliedly admitted that Burger knew he was buying at Limbach's shop and that the goods were his, and that Herbst could not sell them as his own without authority from Limbach. And the bill of exceptions states that it did not appear that Limbach knew of any other arrangement between his clerk and Burger than that which Burger had proved by Limbach. Moreover there seems to have been no evidence given or offered to prove that the sale or any part of the negotiation occurred at some other time. Hence it is not perceived that the court erred to Burger's prejudice in refusing to permit the latter to swear that on the occasion specified he made a private arrangement with Herbst to pay him in wood.

Whilst some of the rulings might very well have been different, we are not satisfied that there are any which would justify a reversal. The case derives a peculiar complexion from the showing actually made on Burger's part through Limbach himself, and from the shape of the questions which were ruled down.

After considerable attention to the record we think the judgment should be affirmed with costs.

The other Justices concurred.