THOMAS KANE & CO. v. L. S. BARSTOW *et al.*

1. AGENT—*Authority to Collect Pay.* Authority to an agent to sell goods does not of itself and alone apparently give to the agent authority to collect pay for the goods thus sold.

2. AUTHORITY, *Apparent Scope—Rule—Application.* The rule that a principal is bound by the acts of his agent which are within the apparent scope of the agent's authority, is applicable only where there have been previous transactions of a similar character in which the agent exceeded his powers, but which the principal ratified without question, the other party being ignorant of the limitation of the agent's authority, thereby leading him to believe that the agent had all the powers claimed.

*Error from Rice District Court.*

THE opinion states the case. Judgment for defendants *Barstow* and two others, at the September term, 1887. The plaintiffs, *Thomas Kane & Co.*, bring the case here.

30 — 42 KAS.

*M. A. Thompson*, for plaintiffs in error.
*Lasley & Borah*, for defendants in error.

Opinion by SIMPSON, C.: Thomas Kane & Co. commenced their action against the defendants in error before a justice of the peace in Rice county, to recover the sum of $31.80 for two slate-stone blackboards, furnished the school district of which the defendants in error were the officers. An appeal was taken to the district court, a trial had by jury, and a verdict and judgment for the defendants in error. The only controverted question of fact is that of payment. The blackboards were sold to the school district by one Roberts, whose agency for the purposes of sale is undisputed. The question is, whether he was authorized to receive payment. The defendants in error paid Roberts, and defend the payment on the sole ground that, as he was the acknowledged agent for the sale, he was the apparent person to whom to make the payment. The goods were shipped about the 5th day of October, 1885, from Chicago, to L. S. Barstow, Little River, Kansas. With the goods was sent a bill with the following heading: "Settlements must be made directly with us; in no case with an agent or salesman unless he presents our written authority. We shall hold purchasers responsible for the strict observance of this rule." The blackboards were to be paid for in thirty days, but the payment was not made to Roberts until about the 22d of February, 1886. On the 2d day of November, 1885, Kane & Co. sent a bill to Barstow, stating therein that it was payable in Chicago. On the first day of January, 1886, they sent a bill to Barstow, stating therein that it was payable in Chicago. The defendants in error denied knowledge of these bills, and denied ever having received any notice not to pay to Roberts. They admitted that they received bills, but denied knowledge of the notice not to pay agents. This was the only transaction between the parties. There had been no previous dealings with Kane & Co. through Roberts or anyone else. On this state of facts the trial court

was requested by the plaintiffs in error to instruct the jury as follows:

"1. Since the principal is bound only by such acts of his agent as have been authorized or allowed, proof that an agent has authority to make a sale of goods or to take orders for them to be filled by the principal, is not sufficient to prove that the agent has the authority to collect the pay for the goods afterward. The defendants must prove that Roberts, the man to whom they paid, was authorized to receive the money, or else fail in their defense.

"2. That the rule that a principal is bound by the acts of his agent which are within the apparent scope of the agent's authority, has no application to this case; this rule is applicable only where there have been previous transactions of a similar character in which the agent exceeded his powers, but which the principal ratified without question or without information, the opposite party being ignorant of the limitation of the agent's authority, and the excess in the particular instance, thereby leading the opposite party to believe that the agent has all the powers that he assumed to have."

These instructions the court refused to give, but charged the jury as follows:

"It is claimed by the plaintiffs in this suit that Roberts had no authority from them to collect payments for these blackboards, and this is a material question in this case; and as to what is the apparent authority of an agent, is also a material question for the jury to consider. A principal is bound by the representations of his agent; and is also bound by the contracts which his agent makes within the apparent scope of the agent's authority. If the agent had the authority in this case to collect money, or if the collection of money was within the apparent scope of his authority, and if the defendants made payment to him without any further knowledge of his authority except what was apparent, then it would be payment to the principal, and if such payment was made, the plaintiffs cannot recover in this case. It is within the apparent scope of an agent's authority, where he has authority to sell, to collect for such sales; for instance, in this case, if Mr. Roberts had the authority to sell blackboards for the plaintiffs, it was apparently within the scope of his authority to collect payment for such sales, and not authorized to collect; in order that the defendants would be held responsible for any pay-

ments they might make to Mr. Roberts on such sales, it was the duty of the plaintiffs to notify the defendants of the limit of their agent's authority. There has been introduced in evidence what is claimed by the plaintiffs to be a copy of the bill which was sent with the goods to the defendants at the time they were shipped, upon which it is claimed there was said to be a statement as to the manner in which these goods should be paid for; under that statement there appeared to be a limited authority to their agent — that is, he is limited to the authority to sell goods, but has no authority to collect pay for the goods. If this knowledge was made known to the defendants, or if it was made known or brought to the knowledge of the defendants before they made a payment to Mr. Roberts, if they made a payment to their agent, Mr. Roberts and son, then they would not be heard to say in defense they had made a payment to the agent, because in such a case they were notified by the principal that they should not pay their agent, and in that case any payment made to the agent would be made at the defendants' own risk."

We think the first instruction prepared by the plaintiffs in error fairly embodies the law applicable to the state of facts presented. It is laid down in the text-books, and declared in many decisions of courts of last resort, that authority to an agent to sell goods does not include authority to collect pay for goods thus sold. (Story on Agency, §§ 98, 99, 181, 191, and cases cited.) It is claimed by the attorney for the plaintiffs in error that the following cases are in point on this question. We have examined a few of them, and find that they declare the doctrine: *Higgins v. Moore*, 34 N. Y. 417; *Kornemann v. Monaghan*, 24 Mich. 36; *Butler v. Dorman*, 68 Mo. 298; *McKindly v. Dunham*, 55 Wis. 515; *Clark v. Smith*, 88 Ill. 298; *Greenleaf v. Egan*, 30 Minn. 316; *Kohn v. Washer*, 64 Tex. 131; *Crosby v. Hill*, 39 Ohio St. 100; *Graham v. Duckwall*, 8 Bush, (Ky.) 12; *Seiple v. Irwin*, 30 Pa. St. 513.

The instruction of the court that "It is within the apparent scope of an agent's authority, where he has authority to sell, to collect for such sales; for instance, in this case, if Mr. Roberts had the authority to sell blackboards for the plaintiffs, it was apparently within the scope of his authority to collect

payment for such sales," is squarely in the face of all these authorities as cited above.

The second request of the plaintiffs in error embodies the law on that point, as announced by this court in the case of *Banks v. Everest*, 35 Kas. 687, and should have been given. In this action between the principal and third parties who seek to establish the agency of Roberts, his declarations that he was the agent of Kane & Co. never ought to have been permitted to go to the jury as evidence of his agency under any circumstances.

For these errors occurring at the trial, we recommend that the judgment be reversed, and the cause remanded, with instructions to grant a new trial.

By the Court: It is so ordered.

All the Justices concurring.