THE SIOUX CITY NURSERY AND SEED COMPANY, APPEL-
LANT, v. PETER MAGNUS, APPELLEE.

AGENT TO SELL ONLY, NOT AUTHORIZED TO COLLECT.—An agent of a
company, whose authority is limited to the taking of orders for
the future delivery of nursery stock, cannot bind his principal by
accepting chattel property in payment. Had he been authorized
to receive payment for the stock sold it could only be made in cash
in the absence of express authority from the principal.

*Appeal from County Court of Arapahoe County.*

Mr. H. B. JOHNSON, for appellant.

Messrs. BROWN, PUTNAM & PRESTON, for appellee.

RICHMOND, P. J.    The action in this case was originally
commenced before a justice of the peace of Arapahoe county,
and from the summons issued the character of the suit ap-
pears to be in the nature of a money demand for a sum not
exceeding $300. The cause was appealed to the county
court. Trial was there had and judgment rendered against
appellant for the sum of $200. To reverse this judgment
this appeal is prosecuted.

The facts out of which the action arose as they appear
from the record are that on the 21st and 28th of January,
1889, at the solicitation of one Wheeler, an agent of the de-
fendant, The Sioux City Nursery and Seed Company, Peter
Magnus, made two orders on said company for a certain
amount of nursery stock. At the time of making the orders
Wheeler received from plaintiff two horses in full payment
of $200 worth of nursery stock mentioned in the order.
Thereafter the appellant shipped the stock to Denver and
offered to deliver the same if paid for, refusing to recognize
the action of its agent in taking the horses in payment for
the nursery stock.

The testimony shows that the agent took the horses, giv-

ing a receipt for their value, and thereafter appropriated them to his own use, concealing the transaction from the company. This action is therefore brought by plaintiff, Magnus, against the company, to recover for the value of these horses so alleged to have been delivered to the agent in payment for the nursery stock, which the company refused to deliver, and for the additional sum of $100, mentioned in a certain order of Wheeler upon the company, to be paid to Magnus out of his commissions when the nursery stock so ordered should be delivered.

The order given by Magnus is in the following words:

"I, Peter Magnus, this day bought of E. A. Wheeler, agent, the following bill of trees, vines, plants, etc., to be delivered in good order from the Sioux City Nursery and Seed Company, Sioux City, Iowa. (Here follows the enumerated stock with prices.) Shipped from Denver. To be delivered at Littleton, Colorado, in the spring of 1889, for which I agree to pay $150 in cash on the day of delivery. Notice to be sent of the day of delivery. Should I not call for the goods on the day of delivery I agree to pay expense of delivering stock to my place. No countermand accepted. If not settled for on delivery payment shall be due at Sioux City, Iowa.

"(Signed) PETER MAGNUS.

"Dated January 21st, 1889."

The receipt given by Wheeler reads as follows:

"Received of Peter Magnus two bay mares about 3 and 4 years old branded M on left thigh in full payment for two bills of nursery stock, one bill for $150 and the other for $50 bought of the undersigned.

"E. A. Wheeler."

The contention of plaintiff is that this agent had authority, express or implied, to make this sale and accept payment. The testimony on the part of the defendant company is to the effect that no such authority existed and that the agent was not authorized to accept payment even in cash. A careful review of the transcript and abstract leads us to the con-

clusion that it is wholly unnecessary for us to determine whether or not the agent was authorized by implication or otherwise to collect the money. The fact exists that he did not collect money but made a bargain to take in exchange for the stock the two horses. This is shown in Wheeler's receipt.

The general principle is that payment to the agent must be made in money in the absence of express authority to him to receive payment in something else than money. *Grain v. Doggett et al.*, 41 Iowa 682; *Wheeler & Wilson Mfg. Co. v. Given*, 65 Mo. 89; *Kendal, Carter & Co. v. Wade*, 5 La. Ann. 157; *Burger v. Limbach*, 42 Mich. 162; *Boughton v. Silloway*, 114 Mass. 71; *Lumpkin v. Wilson et al.*, 5 Heiskell (Tenn.) 555; *Taylor & Farley Organ Co. v. Starkey*, 59 N. H. 142. And even in cases where it has been decided that a general agent to collect and settle debts may receive property in payment it nevertheless is held that such an agent cannot buy property of the debtor and thereby create a debt against his principal.

This transaction, it seems to us, is fully covered by the principles above cited. Here was a general agent with power to sell, sent out by his principal to take orders for stock to be delivered at a future time. The stock was not entrusted to his care or possession, and at the time of taking the order he assumed the right to exchange it for horses and thereby bind his principal. He took the horses, executed the receipt above set forth, and reports to his company, transmitting the orders to the effect that upon delivery the stock so ordered will be paid for in cash. The company wholly ignorant of the transaction, relying implicitly upon the representations of the agent, prepare the stock, ship it to Colorado and make offer to deliver upon payment in cash. Magnus declined to pay and insisted that he was not only entitled to receive the stock mentioned in the orders but was entitled to credit as payment for the value of the horses as set forth in the receipt of Wheeler and for the additional sum of $100 mentioned in the order.

We have examined with considerable care every authority cited in the briefs of appellant and appellee and can unhesitatingly say that we are unable to find a single authority supporting this contention of appellee. *Greenhood v. Keaton,* 9 (App. Ct.) Ill. 183; *Kane & Co. v. Barstow et al.,* 42 Kans. 465; *Butler v. Dorman,* 68 Mo. 298; *Law v. Stokes,* 32 N. J. Law 249; *Clark v. Smith,* 88 Ill. 298; *Seiple et al. v. Irwin et al.,* 30 Pa. St. 513.

The fact does appear in the record that a former agent of the defendant company named Brownlee introduced Wheeler to plaintiff Magnus, and represented that he had the same authority which the company had conferred upon him a year or more previous, with whom Magnus had dealt and to whom he had paid money *upon delivery.*

There are other circumstances disclosed in the record which appellee insists tend to establish the authority of this agent to receive payment in full.

For the purposes of this case we might readily concede the position taken by appellee, but under the authorities and the facts disclosed by the record we are not prepared to announce that the plaintiff has a right of recovery against the defendant company for the value of the horses bartered by the agent in exchange for the company's stock. It certainly seems as though the plaintiff ought to have known that the agent of the company was exceeding his authority when he undertook to make this trade.

The judgment of the court must be reversed.

*Reversed.*