27 P. 257 
1 Colo.App. 45
 SIOUX CITY NURSERY & SEED CO. v. MAGNUS. 
Court of Appeals of Colorado
July 7, 1891

 
 Appeal
 from Arapahoe county court; GEORGE W. MILLER, Judge.
 
 
 H.B.
 Johnson, for appellant.
 
 
 Browne,
 Putnam & Preston, for appellee.
 
 
 RICHMOND,
 P.J.
 
 
 The
 action in this case was originally commenced before a justice
 of the peace of Arapahoe county, and from the summons issued
 the character of the suit appears to be in the nature of a
 money demand for a sum not exceeding $300. The cause was
 appealed to the county court. Trial was there had, and
 judgment rendered against appellant for the sum of $200. To
 reverse this judgment this appeal is prosecuted. The facts
 out of which the action arose, as they appear from the
 record, are that on the 21st and 28th of January, 1889, at
 the solicitation of one Wheeler, an agent of the defendant,
 the Sioux City Nursery & Seed Company, Peter Magnus made two
 orders on said company for a certain amount of nursery stock.
 At the time of making the orders, Wheeler received from
 plaintiff two horses in full payment of $200 worth of nursery
 stock mentioned in the order. Thereafter the appellant
 shipped the stock to Denver, and offered to deliver the same,
 if paid for, refusing to recognize the action of its agent in
 taking the horses in payment for the nursery stock. The
 testimony shows that the agent took the horses, giving [1
 Colo.App. 46] a receipt for their value, and thereafter
 appropriated them to his own use, concealing the transaction
 from the company. This action is therefore brought by
 plaintiff, Magnus, against the company to recover for the
 value of these horses so alleged to have been delivered to
 the agent in payment for the nursery stock which the company
 refused to deliver, and for the additional sum of $100
 mentioned in a certain order of Wheeler upon the company to
 be paid to Magnus out
 [27 P. 258.] 
 of his commissions when the nursery stock so ordered should
 be delivered. The order given by Magnus is in the following
 words: "I, Peter Magnus, this day bought of E.A.
 Wheeler, agent, the following bill of trees, vines, plants,
 etc., to be delivered in good order from the Sioux City
 Nursery and Seed Company, Sioux City, Iowa: [Here follows the
 enumerated stock, with prices.] Shipped from Denver. To be
 delivered at Littleton, Colorado, in the spring of 1889, for
 which I agree to pay $150 in cash on the day of delivery.
 Notice to be sent of the day of delivery. Should I not call
 for the goods on the day of delivery, I agree to pay expense
 of delivering stock to my place. No countermand accepted. If
 not settled for on delivery, payment shall be due at Sioux
 City, Iowa. [ Signed] PETER MAGNUS. Dated January 21st,
 1889." The receipt given by Wheeler reads as follows:
 "Received of Peter Magnus two bay mares, about 3 and 4
 years old, branded M on left thigh, in full payment for two
 bills of nursery stock, one bill for $150 and the other for
 $50, bought of the undersigned. E.A. WHEELER."
 
 
 The
 contention of plaintiff is that this agent had authority,
 express or implied, to make this sale and accept payment. The
 testimony on the part of the defendant company is to the
 effect that no such authority existed, and that the agent was
 not authorized to accept payment, even in cash. A careful
 review of the transcript and abstract leads us to the
 conclusion [1 Colo.App. 47] that it is wholly unnecessary for
 us to determine whether or not the agent was authorized, by
 implication or otherwise, to collect the money. The fact
 exists that he did not collect money, but made a bargain to
 take in exchange for the stock the two horses. This is shown
 in Wheeler's receipt. The general principle is that
 payment to the agent must be made in money, in the absence of
 express authority to him to receive payment in something else
 than money. Drain v. Doggett, 41 Iowa 682; Manufacturing Co.
 v. Givan, 65 Mo. 89; Kendall v. Wade, 5 La.Ann. 157; Burger
 v. Limbach, 42 Mich. 162, 3 N.W. 942; Broughton v. Silloway,
 114 Mass. 71; Lumpkin v. Wilson, 5 Heisk. 555; Organ Co. v.
 Starkey, 59 N.H. 142. And, even in cases where it has been
 decided that a general agent to collect and settle debts may
 receive property in payment, it nevertheless is held that
 such an agent cannot buy property of the debtor and thereby
 create a debt against his principal. This transaction, it
 seems to us, is fully covered by the principles above cited.
 Here was a general agent, with power to sell, sent out by his
 principal to take orders for stock to be delivered at a
 future time. The stock was not intrusted to his care or
 possession, and at the time of taking the order he assumed
 the right to exchange it for horses, and thereby bind his
 principal. He took the horses, executed the receipt above set
 forth, and reports to his company, transmitting the orders,
 to the effect that, upon delivery, the stock so ordered will
 be paid for in cash. The company, wholly ignorant of the
 transaction, relying implicitly upon the representations of
 the agent, prepare the stock, ship it to Colorado, and made
 offer to deliver upon payment in cash. Magnus declined to
 pay, and insisted that he was not only entitled to receive
 the stock mentioned in the orders, but was entitled to credit
 as payment for the value of the horses, as set forth in the
 receipt of Wheeler, and for the additional sum of $100
 mentioned in the order. [1 Colo.App. 48] We have examined
 with considerable care every authority cited in the briefs of
 appellant and appellee, and can unhesitatingly say that we
 are unable to find a single authority supporting this
 contention of appellee. Greenhood v. Keator, 9 Ill.App. 183;
 Kane v. Barstow, 42 Kan. 465, 22 P. 588; Butler v. Dorman, 68
 Mo. 298; Law v. Stokes, 32 N.J.Law, 249; Clark v. Smith, 88
 Ill. 298; Seiple v. Irwin, 30 Pa.St. 513. The fact does
 appear in the record that a former agent of the defendant
 company named Brownlee introduced Wheeler to plaintiff
 Magnus, and represented that he had the same authority which
 the company had conferred upon him a year or more previous,
 with whom Magnus had dealt, and to whom he had paid money
 upon delivery. There are other circumstances disclosed in the
 record which appellee insists tends to establish the
 authority of this agent to receive payment in full. For the
 purposes of this case we might readily concede the position
 taken by appellee, but, under the authorities and the facts
 disclosed by the record, we are not prepared to announce that
 the plaintiff has a right of recovery against the defendant
 company for the value of the horses bartered by the agent in
 exchange for the company's stock. It certainly seems as
 though the plaintiff ought to have known that the agent of
 the company was exceeding his authority when he undertook to
 make this trade. The judgment of the court must be reversed.