WILLIAM KELLY, Respondent, v. THOMAS E. GAY
*et al.*, Appellants.

St. Louis Court of Appeals, November 7, 1893.

Principal and Agent: APPLICATION OF PROCEEDS OF THE SALE OF
REALTY. The plaintiff through his agent authorized the defendants to
sell certain real estate for him. The sale was made, and the proceeds
paid to this agent, excepting that a portion of them was applied to
the satisfaction of a forged deed of trust on the realty, which this
agent had executed prior to his employment, and of the existence of
which the plaintiff was ignorant. *Held*, that the plaintiff was enti-
tled to recover from the defendant the amount thus applied.

*Appeal from the St. Louis City Circuit Court.*—HON.
DANIEL D. FISHER, Judge.

AFFIRMED.

*T. J. Rowe*, for appellants.

(1) No person will be allowed to adopt that part
of a transaction which is favorable to him, and reject
the rest to the injury of the one from whom he derived
the benefit. *Austin v. Loring*, 63 Mo. 19. (2) When
one of two innocent parties must suffer by a third, the
one who has enabled such third party to occasion the
loss ought to sustain it. *Rice v. Groffman*, 56 Mo. 434.
(3) The power to sell includes the power to receive
payment. Glass had the power to sell, and, having such
power, payment to him was proper. Story on Agency,
sec. 102; *Tumley v. Corbett*, 18 Cal. 494; *Summer v.
Saunders*, 51 Mo. 89; *Brooks v. Jamison*, 55 Mo. 505.
(4) A principal, who takes the proceeds of an unau-
thorized act on the part of his agent, thereby ratifies
the act and makes it his act. *Davis v. Krum*, 12 Mo.
App. 279.

*M. W. Huff* and *James E. Hereford,* for respondent.

(1) An agent authorized to sell goods has no authority to take anything but money in payment. *Buckwalter v. Craig,* 55 Mo. 71; *Wheeler, etc, Co. v. Givan,* 65 Mo. 89; *Greenwood v. Burns,* 50 Mo. 52. (2) One authorized to sell real estate is not authorized to receive money. Parsons on Contracts, p. 128; *Stewart v. Woods,* 63 Mo. 252.

BIGGS, J.—On the trial of this cause no exceptions were saved to the action of the court in admitting or rejecting evidence, and no instructions were asked or given; hence we must affirm the judgment, if it can be sustained on any possible theory of law applicable to the facts. *Gentry v. Templeton,* 47 Mo. App. 55.

The defendants are real estate agents, and the plaintiff brought his action to recover from them the purchase money for certain real estate. It was alleged in the petition that the defendants sold the property as the *agents of the plaintiff,* and that they had collected the purchase money and had refused to pay it to plaintiff.

There was evidence tending to show the following facts: The plaintiff is a colored man. One Ben Glass, also colored, who was unknown to the defendants, represented to them that he was William Kelly, the owner of certain property in the city of St. Louis, and that he desired the defendants to find a purchaser for the property at the price of $600. A purchaser was found, who agreed to pay the price asked. In order to consummate the fraud, Glass represented to the plaintiff that the property had been sold for $900, and that Charles Vogel, whom the plaintiff had employed to sell it, had made the sale. The plaintiff, believing this to be true,

executed the deed and permitted Glass to take posses-
sion of it.   Glass delivered it to the defendants, who in
turn delivered it to the purchaser.   Some months pre-
vious to this, Glass and wife, personating Kelly and
wife, had executed and acknowledged a deed of trust
on the same property to secure the sum of $200 bor-
rowed by Glass from one Lewis.   This deed of trust
was of record, and at the date of the sale the debt
secured amounted to $204.   The defendants, in closing
the trade, applied the purchase money first to the dis-
charge of the incumbrance.   The commissions and
some taxes were then deducted, and for the remainder
the individual check of the defendants for  $353, paya-
ble to the order of William Kelly, was delivered to Glass.
Glass forged the indorsement of plaintiff on the check,
and the bank paid to him the money.   Upon the fore-
going state of facts the court, sitting as a jury, found
that the sum of $153 was due the plaintiff, for which,
with interest thereon from the date of the institution of
the suit, a judgment was entered.   The defendants
alone have appealed.

It clearly appears that  Glass, in the first instance,
was not authorized to employ the defendants to sell the
property.   However, the plaintiff in this action has
elected to ratify this unauthorized act of Glass, thereby
concluding himself as to all acts of either Glass or the
defendants within the scope of the agency.

It may be remarked in the outstart that the fact,
that the defendants were deceived as to the true identity
of Glass, can make no difference.   They were bound to
know that he was Ben Glass and not William Kelly.
With this idea kept in view the case will be relieved of
some of its apparent difficulties.

As the representative of Kelly, Glass had the right
to agree with the defendants concerning the selling price

of the property, and whether it should be sold for cash or on a credit. The agency of Glass also carried with it the right to settle with the defendants for the purchase price, provided it was paid in the usual course of business. *Buckwalter v. Craig*, 55 Mo. 71; *Wheeler & Wilson Mfg. Co. v. Givan*, 65 Mo. 89; *Greenwood v. Burns*, 50 Mo. 52. Under these authorities the delivery of the check to Glass must be considered a valid payment of a portion of the purchase money, as it is undisputed that the check was good, and that this was the usual way of transacting business. The defendants are not chargeable with the subsequent criminal act of Glass, by which he was enabled to cash the check and convert a portion of his principal's money to his own use. But we do think that the defendants, in withholding and applying a portion of the purchase money to the payment of the forged deed of trust, acted at their peril. This act of theirs was outside of the scope of the general employment. Before applying the money of their principal in any such way, they were bound to have his authority. It is not true, as contended, that the plaintiff admitted that he had received the money which Glass borrowed from Lewis. A careful reading of the record will show this to be an erroneous deduction from the plaintiff's testimony. He admitted that he received $200, *a portion of the purchase money*, and in the same connection he stated that this amount was *all* that he had ever received on account of the property. He also testified that he had no knowledge or information of the fraudulent deed of trust when it was given, and that he learned of it for the first time when he called on the defendants for a settlement. There is nothing in the record to contradict this.

We, therefore, hold that there was evidence tending to show a liability on part of defendants for the sum of $204, the amount of the fraudulent incum-

brance, and, as the judgment was for considerable less, they have no room for complaint.

With the concurrence of the other judges the judgment will be affirmed. It is so ordered.