FIRST NATIONAL BANK OF CRIPPLE CREEK, APPELLEE, v. V. C. REDDING, APPELLANT.

FILED JULY 17, 1931. No. 27813.

*Morrow & Morrow*, for appellant.

*Mothersead & York*, contra.

Heard before GOSS, C. J., DEAN, GOOD, EBERLY and PAINE, JJ.

PAINE, J.

The plaintiff sued the defendant upon a promissory note dated January 2, 1929, payable March 3, 1929, for $1,000 bearing 10 per cent. interest, said note being given to the State Bank of Minatare, which bank indorsed the same without recourse and sold it to the First National Bank of Cripple Creek, plaintiff, upon January 14, 1929, this note being one of several notes given as collateral security for a loan of $12,950.

Petition was filed in the district court for Scotts Bluff county to collect this note. The answer set up as a defense to the payment of said note that the maker had paid the same in full with an undated check, being exhibit No. 1, for $1,003.78, given to the State Bank of Minatare, but which check was never charged to his account in that bank, although he had ample money on deposit to pay the same, and that said bank was closed on February 21, 1929, and the check so given had never been charged to defendant's account in said bank. His defense is founded upon the claim that the bank to which he had given the note and to which he gave the check was the agent of the bank by which it was then owned.

Evidence was taken in the case, and at the close of the evidence the plaintiff moved the court to instruct the jury to return a verdict for the plaintiff, and the court sustained the motion, and the jury thereupon returned a verdict against the defendant in the sum of $1,132.77, which was the amount due upon April 30, 1930, on which date the jury returned a verdict. A motion for new trial was then filed, argued and overruled, and the case has been presented to this court for hearing.

It is shown in the evidence by the bank statement, exhibit No. 2, that upon the 19th day of January, 1929, the defendant made a deposit in said bank of $6,148.92, and that soon after making this deposit he drew the undated check, exhibit No. 1, in payment of the note in suit.

On February 1 the bank gave him his monthly balance sheet with his canceled checks, and this showed plainly that the check he had drawn had never been charged against

his account, and the bank's doors were open for nearly three weeks after that time and he took no further steps in the matter except to talk to an attorney, Mr. Morrow, and to the officers of the bank. On the trial of the case the defendant had said check in his possession and offered it in evidence.

A large number of letters between L. F. Johnson, president of the State Bank of Minatare, and V. H. Mann, vice-president of the First National Bank of Cripple Creek, were offered to show agency. These letters bore dates from about January 20 to April 1, 1929, and were all written after the note had been given and the check signed and given to the Minatare bank in payment of the note, which was then owned and held in Cripple Creek, Colorado, but the court excluded several of the letters offered.

The appellee insists that there was no competent evidence to require the case to go to the jury; that the transaction of the defendant in drawing the check did not amount to payment because he never parted with anything of value, as the check was never charged against his account in the Minatare bank and no proceeds were ever sent to Cripple Creek in payment of his note then owned and held there.

The appellant in his excellent brief presents as authority for his defense of agency the case of *Harrison Nat. Bank v. Austin*, 65 Neb. 632, and the case of *Pochin v. Knoebel*, 63 Neb. 768; and the appellee dismisses these with the simple statement that in both of these cases there was actual authority to make the collections in question, and our court held that where an agent had actual authority to make the collections the person making payment to such agent will be protected, even though the instrument he is paying is not in the actual possession of the agent at that time.

It is contended that to support his defense the defendant must show first that he actually paid the State Bank of Minatare the amount of the note, and that at that time the State Bank of Minatare was the agent of the First National Bank of Cripple Creek, and there is cited *Mc-*

*Cormick v. Keith,* 8 Neb. 142, in which paragraphs 2 and 3 of the syllabus read as follows:

"An agent for the collection of a debt cannot lawfully accept in discharge thereof his own individual obligation to the debtor, unless authorized to do so by his principal.

"And even if the agent be specially empowered to compromise, and accept personal property in satisfaction of money demands, this will not authorize him to extinguish a debt due the principal by setting off against it his own debt."

This case and all other Nebraska cases up to 1923 upon the subject of agency are considered and reviewed in an article by Professor Seavey in part I, No. 4, vol. 1, Nebraska Law Bulletin, citations to the valuable articles in which bulletin are now being regularly made in the new edition of Shepard's Citations.

"The giving of a check by a debtor for the amount of his indebtedness to the payee is not, in the absence of an express or implied agreement to that effect, a payment, or discharge of the debt." *Baker-Evans Grain Co. v. Ricord,* 126 Kan. 107.

No proceeds were ever remitted to the Cripple Creek bank, which owned the note. In such a case, the one to whom such money is paid is an agent of the payor, and not the agent of the payee. 8 C. J. 601.

A loss resulting from the failure of a bank at which a note is payable, and in which the maker has placed funds to pay it before it is due, does not fall upon the owner and holder thereof who had never sent such note for payment. *Binghampton Pharmacy v. First Nat. Bank,* 131 *Tenn.* 711, 2 A. L. R. 1377, and note; *Baker-Evans Grain Co. v. Ricord, supra.*

The burden of proof rests in this case upon the appellant to prove that the State Bank of Minatare was the agent of the First National Bank of Cripple Creek, and upon failure thereof the trial court was justified in instructing the jury to return a verdict for the appellee. Finding no error in the record, the judgment is hereby

AFFIRMED.