## ARNETT V. GLENN.

HUSBAND AND WIFE : *Payment to husband on wife's note.*

Although a.husband is expressly authorized to collect a note payable to his wife,. and belonging to her separate estate, he cannot accept in its payment the satisfaction of his own debt, unless it is shown that she has either expressly or impliedly assented to such use of her funds.

APPEAL from *Independence* Circuit Court.

J. W. BUTLER, Judge.

John W. Glenn executed to Bertie Arnett, a married woman, his promissory note for $300, which she loaned to him out of her separate estate. She brought this action against him on the note, and by his answer he claims a credit for $185.53, alleging that he paid that sum to the plaintiff's husband, and that the latter received it as his wife's agent. The evidence shows that the alleged payment was made on a draft which the plaintiff's husband drew in favor of a creditor of the husband, and to satisfy the latter's debt. It also appears that the draft was paid on the husband's promise that it should be credited on the defendant's note. The credit was allowed in the court below, and judgment rendered for the balance due on the note. Plaintiff appealed. .

*The appellant, pro se.*

The husband's powers as agent in fact are measured as in other cases, by the scope of authority conferred. They are the same as if he were acting for a stranger. *22 N. J. Eq., 599; 56 Miss., 321; 14 Ind., 552-3, 241; 99 Miss., 566; Story on Agency, sec. 21.* See, also, *Rudd v. Peters, 41 Ark.; Acts Dec. 15, 1875.*

The husband had no authority to appropriate the wife's estate to the payment of his own debt. *Cases supra.* Appellee had full knowledge of the misappropriation.

*Robert Neill,* for appellee.

The husband was clearly the agent of the wife, *Mansf. Dig., sec. 4637; Story Agency (5th ed.), secs. 54, 66,* and she is bound.

thereby. Where one of two innocent persons must suffer, by the misconduct of a third, the party who by his own acts and conduct has enabled such third person to practice a fraud or imposition, must suffer. *Story Agency, sec. 56.*

The usual course of dealing, all warranted appellee in treating with the husband as her agent, and the part payment to him, was *pro tanto* a good defense. *39 Ark., 321; 1 Am. and E. Enc. Law, note 1, p. 340; 42 Ark., 99.*

PER CURIAM. If the husband held the note with the express authority to collect it, he could only have made such collection as would inure to the benefit of his wife. He could not accept in its payment, the satisfaction of his own debt without proof that the wife gave her assent, cither express or implied, to this misuse of her funds. *Williams v. Johnston, 92 N. C., 532; Belton Compress Co. v. Belton Brick Co., 64 Texas, 337.*

There was no proof that Mrs. Arnett ever authorized such conduct. The judgment is reversed and cause remanded.

HUSBAND AND WIFE.