## SMITH V. JAMES.

Decided April 12, 1890.

*Agent to sell—Apparent authority.*

> An agent with authority to sell and receive money in payment for his principal has no apparent authority to accept a cancellation of his own indebtedness to a vendee who knows, or by reasonable diligence could know, that his debtor is acting as agent.

APPEAL from *Crawford* Circuit Court.

JOHN S. LITTLE, Judge.

Smith & Co. sued James in replevin for three wagons. Defendant denied title in plaintiffs. The cause was submitted to the court sitting as a jury. The court found: "That London Bros. were the agents of T. & H. Smith & Co. for the sale of wagons; that their agency was as set out in the written contract introduced in evidence; that the wagons were the absolute property of Smith & Co. until sold; that London Bros. were largely indebted to J. D. James; that they were on the eve of failure, and two days before their failure turned over three of the wagons to J. D. James at an agreed price of $50 per wagon, to be credited on their account; that the wagons were hauled away by James and credit given upon their account; *that defendant James had no knowledge of the terms and conditions of the agency of London Bros.;* that London Bros. had dealt largely in the wagons of plaintiffs, making sales for cash and upon time."

The contract referred to recited the appointment of London Bros. to sell the wagons of Smith & Co., and provided that all wagons should be sold for cash, and should remain the exclusive property of Smith & Co., and always subject to their order, until sold.

The court held the transaction to be a sale, and that the title vested in defendant. Plaintiffs have appealed.

*O. P. Brown* and *L. P. Sandels* for appellants.

If Smith had *sold* the wagons to London, *reserving title* until paid for, this would have been good against James, even if an innocent purchaser.   30 Ark., 402; 42 Ark., 473; 47 Ark., 363; 48 Ark., 160.

When there is a condition to be performed, the title remains in the owner *until the condition is performed.*

London Bros. were agents only, and had power to sell for cash alone.   They had no power either to sell on credit or to pay their debts, and James was not an innocent purchaser; he paid no consideration.   Benjamin on Sales (Bennett), 3; 2 Blackstone, 446; 2 Kent, 468, 363; 8 How., 496; Rapalje & L., Law Dic., 1144; Anderson, L. D., 914; 37 Ark., 418.

The purchaser of a legal title merely in consideration of a prior indebtedness, is not entitled to protection, because he has lost nothing; has given up no security, and can be placed in the same situation and lose nothing.   10 Paige, Chy., 179; 13 Wend., 570; 23 Cal., 361; 4 Paige, Chy., 215; 49 N. Y., 286; 1 Del., Chy., 435; 47 Ark., 252; 51 N. H., 577; 13 Ark., 160; 6 Hill, 93; 30 Ark., 684; 48 Ark., 460.

When the agent sells on other terms or for other consideration than is provided by his contract of employment, or when he *gives away* the property, his acts are invalid.   5 Heiskell, 349; 8 How., 544.

PER CURIAM.   An agent, with power to sell and receive money in payment for his principal, has not the apparent authority to accept a cancellation of his own debt due to a vendee who knows, or by the exercise of reasonable diligence could know, that his debtor is acting as agent; because he knows that the benefit of the sale will inure to the agent only—a result inconsistent with the agency.   *Arnett v. Glenn*, 52 Ark., 253; Story on Agency, sec. 77; *Belton Company*

*v. Belton Manufacturing Co.*, 64 Tex., 337; *Williams v. Johnston*, 92 N. C., 532.

The court found only that James did not know the terms of the agency, and declared upon that, that his title was superior to the principal's. That was error. It was only necessary that James should know that the person with whom he dealt was an agent, in order to be apprised that the transaction was beyond the scope of his authority.

Reverse and remand.