## BRIGGS *v*. COLLINS.

## Opinion delivered June 1, 1914.

1. EVIDENCE—WHEN UNDISPUTED—EXCEPTION.—When the testimony of a witness is distinct and positive, and is not in any way contradicted, it will be treated as undisputed, unless the witness is interested in the result. (Page 192.)

2. AGENCY—AUTHORITY—CANCELLATION OF OWN DEBT—NOTICE.—An agent with authority to solicit insurance or to sell any commodity and receive money or other things of value in payment of the price has no apparent authority to accept the cancellation of his own indebtedness in satisfaction of such price, and where the person dealt with has knowledge of the agency, he can not avail himself of payment made in that way. (Page 192.)

3. INSURANCE—PREMIUMS—PAYMENT.—Defendant took a policy of insurance, giving the agent his note, but agreeing that it should not be paid, but should cancel a debt which the agent owed the defendant. The agent then transferred the note to plaintiff, a *bona fide* purchaser, for value. *Held*, the defendant could not set up his agreement with the agent as a defense to an action on the note in the hands of an innocent holder. (Page 193.)

Appeal from Polk Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

*J. I. Alley*, for appellants.

The agency and the fraudulent acts of the subagent being undisputed, appellant is bound thereby, and can not claim protection as an innocent purchaser for value. 161 S. W. 142; 75 Ark. 95; 76 Ark. 373; 71 Ark. 295; 57 Ark. 11.

*G. C. Hardin*, for appellee.

Trask had no authority to settle his individual debt with the property of the insurance company. His agreement with appellants was purely in an individual capacity, and was in no sense binding upon appellee nor upon the insurance company. 54 Ark. 75; 60 Ark. 532; 62 Ark. 348, 88 S. W. 950; 81 Ark. 202; 76 Ark. 328. And appellants were bound to know that Trask had no authority to settle his own debts with property of the company. 28 Ark. 98; 62 Ark. 33. See, also, 53 Ark. 135; *Id.* 253; 79 Ark. 401-405; Story on Agency, § 77; 64 Tex. 337; 92 N. C. 532; 161 S. W. 142; 101 Ark. 603.

McCULLOCH, C. J.  Plaintiff, W. B. Collins, instituted separate actions before a justice of the peace against defendants, A. C. Briggs and F. H. Daniels, to recover the amount of two negotiable promissory notes executed by the respective defendants to one Trask, and by Trask assigned to plaintiff.

On appeal to the circuit court the two cases were consolidated and tried together, and the court gave a peremptory instruction in favor of the plaintiff against each of the defendants for the amount of the note which he had executed.

Plaintiff was the general agent of an insurance company and maintained his offices at Fort Smith.  Trask was soliciting agent, acting under appointment from plaintiff, and procured applications from the two defendants, who resided at Mena, Arkansas, and policies were accordingly issued to them by the company.  The defendants executed negotiable promissory notes to Trask for the amounts of their respective premiums, and Trask assigned the notes before maturity to plaintiff, who accepted same and credited Trask with the face value in settlement for premiums collected.

Defendant Daniels testified on the trial of the case that he was engaged in the livery business in Mena; that Trask was indebted to him for a livery bill and agreed to let the first premium go as a credit on said debt.  He testified also that he gave the note to Trask upon the representation by the latter "that he wanted it in making a settlement with the company," but would return the same to him within a few days after he had shown it to the company as an evidence of the fact that the policy had been taken in good faith.  He testified that there was no other consideration for the note.

Defendant Briggs testified to a similar state of facts with reference to his transaction with Trask and the execution of the note.

Plaintiff testified that the notes were assigned to him by Trask before maturity, and that he gave Trask credit for them in his settlement, advancing to him enough

money to cover his commission, and that he made it good to the company. He testified that he knew nothing about the understanding or agreement with defendants concerning the premiums.

The testimony of plaintiff tends very strongly to show that he was an innocent holder of the notes, having paid full value therefor, and there is nothing in the record to contradict him. The only thing that prevents his testimony being treated as undisputed is his direct interest in the result of the transaction. *Skillern* v. *Baker,* 82 Ark. 86.

But aside from that question we are of the opinion that the evidence was undisputed upon other material questions in the case, and that the court was correct in giving a peremptory instruction. The substance of the testimony of each of the defendants was that he took out the policy of insurance under an agreement with Trask that the premium should be paid by crediting the same on Trask's indebtedness to him.

An agent with authority to solicit insurance or to sell any commodity and receive money or other things of value in payment of the price has no apparent authority to accept the cancellation of his own indebtedness in satisfaction of such price, and where the person dealt with has knowledge of the agency, he can not avail himself of payment made in that way. *Arnett* v. *Glenn,* 52 Ark. 253; *Smith* v. *James,* 53 Ark. 135; *Grooms* v. *Neff Harness Co.,* 79 Ark. 401.

There must be express authority to an agent to collect the price in that way before the principal is bound by such act.

The proof in this case is sufficient to show that Trask, the soliciting agent, was authorized to accept payment of money, or to take notes and to convert the same into money; but that does not imply the authority to accept the cancellation of his own debt. Therefore, the fact that he obtained the notes on the false representation that he would only use the same to exhibit to the company as an evidence of good faith in taking the insurance

does not constitute a defense, for the reason that the cancellation of his debt did not constitute a payment of the premiums. If the notes had not been taken and no payment was ever made except by cancellation of the indebtedness of Trask, the company would be entitled to recover the amount of the premiums, and as these notes represented the premiums and plaintiff is a valid holder of same, and has satisfied the claim of the company for the premiums, he is entitled to recover the amount, notwithstanding the fact that the notes were obtained under a false promise to return them. In other words, according to the undisputed facts, the defendants owe the amounts of the premiums on their policies, and they are in no position to complain that these premium notes were obtained by a false promise that they would be returned after exhibition to the company. They owe the amounts, and it is immaterial to them who they are paid to.

Judgment affirmed.