HADLEY MILLING COMPANY *v.* KELLEY.

## Opinion delivered February 22, 1915.

1. PRINCIPAL AND AGENT—LIMITED AUTHORITY.—One who deals with an agent is put upon notice of the limitations of his authority, and must ascertain what that authority is, and, if he fails to do so, he deals with the agent at his peril.

2. PRINCIPAL AND AGENT—SCOPE OF AGENT'S AUTHORITY.—A principal is bound not only by the acts of his agent within the scope of his actual authority conferred, but also by those acts which are within the apparent scope of the agent's authority, even though they are beyond the actual scope of the authority.

3. PRINCIPAL AND AGENT—AUTHORITY TO SELL GOODS—COLOR OF RIGHT TO COLLECT.—The authority of an agent to sell goods does not necessarily imply authority to collect the purchase price, unless there are circumstances or appearances which give color to the belief in the purchaser that the authority exists.

4. PRINCIPAL AND AGENT—AUTHORITY TO COLLECT—CURRENT FUNDS.—The authority of an agent to collect for goods sold, does not include authority to collect in anything else except in current funds.

5. PRINCIPAL AND AGENT—AUTHORITY OF AGENT—DEBT TO PRINCIPAL—COMMERCIAL PAPER.—Without express authority from the principal,

an agent can not accept any kind of commercial paper in satisfaction of a debt due to the principal.

6. PRINCIPAL AND AGENT—PAYMENT TO AGENT—AUTHORITY TO ACCEPT.— An agent authorized to collect debts due his principal in money, is without authority to accept a time-check, payable to himself, in payment of a debt due his principal, and such an acceptance by the agent, being beyond his authority, will not bind the principal.

Appeal from Lawrence Circuit Court, Eastern District; *W. A. Cunningham,* Special Judge; reversed.

*Hawthorne & Hawthorne,* for appellant.

Burke exceeded his authority in drawing the draft in the name of his principal, payable to himself. 18 L. R. A. 663; 199 Ill. 151; 59 L. R. A. 657; 194 Ill. 157, 56 L. R. A. 564; 53 Ark. 136; *Id.* 208; 105 Ark. 111; 92 Ark. 315; 70 Ark. 401; 62 Ark. 33; 52 Ark. 253; 124 N. W. 236; 76 N. W. 792; 77 N. E. 295; 31 Cyc. 1643.

*J. N. Beakley,* for appellee.

A traveling salesman of a wholesale house is a general agent, and his acts within the scope of his business, though in violation of instructions, will bind his principal, unless parties dealing with him have notice of limitations upon his authority. 48 Ark. 138. One who holds another out to the public as his agent is bound by his acts. 57 Ark. 203.

Burke did not exceed his apparent authority in this case. While declarations of an agent are not admissible to prove agency, yet, if the agency be otherwise *prima facie* proved, or admitted, as in this case, they become admissible in corroboration. This would admit the statement to appellee by Burke that he was required or permitted to take an acceptance as he did. 31 Cyc. 1656.

Persons dealing with an agent within the apparent scope of his real authority, will be protected. 52 Ark. 203; 49 Ark. 320.

McCULLOCH, C. J. The plaintiff, Hadley Milling Company, is a foreign corporation, domiciled at Olathe, Kansas, and is engaged there in milling and selling flour. On November 23, 1912, the plaintiff, through its sales-

man, one J. E. Burke, sold a carload of flour to the defendant, J. P. Kelley, who was engaged in the mercantile business at Minturn, Lawrence County, Arkansas, and this is an action to recover the sum of $746, the price of the carload of flour. Defendant admits the purchase of the flour at the price named, but pleads payment of the amount by acceptance of a check drawn by Burke, in the name of the plaintiff, and satisfaction thereof by the execution of a note to the Bank of Hoxie, the holder of the check. The case was tried before a jury and the trial resulted in a verdict in favor of the defendant.

It appears from the evidence that Burke lived at Hoxie, Arkansas, and had been selling flour for the plaintiff in that portion of the State for several years. The terms of his contract with plaintiff, as stated by all of the officers of the plaintiff company in their testimony, was that he was to receive ten cents per barrel as commission on all of his sales, and that he was to sell for cash, or on thirty days time, or not exceeding sixty days time by express permission of the manager. Each of them testified that Burke had authority to make collections of accounts for the sale of flour, but that he had no authority to take notes, drafts, or acceptances. On November 23, 1912, Burke sold the carload of flour in question to the defendant and drew a draft on the defendant in the name of the company, payable to himself (Burke), and this draft was accepted by defendant by written indorsement made thereon. A few days later Burke sold the draft to the Bank of Hoxie at a small discount and the proceeds were credited by the bank on Burke's individual indebtedness. When the draft fell due, the defendant satisfied the bank and took up the draft and gave his note to the bank for the amount. Burke disappeared about the middle of February, 1913, without having reported to the plaintiff the collection of the account, and had not been heard of up to the time of the trial. The undisputed testimony of plaintiff's officers and manager is that they did not authorize Burke to take acceptances or to collect otherwise than in money;

that they had never heard of his having done so in any instance, and that he had never paid the amount of this account or accounted to plaintiff in any way for it.

(1-2-3) "One who deals with an agent is put upon notice of the limitations of his authority, and must ascertain what that authority is, and, if he fails to do so, he deals with the agent at his peril." *United States Bedding Co.* v. *Andre,* 105 Ark. 111. A person is, however, bound not only by the acts of his agent within the scope of actual authority conferred, but also those acts which are within the apparent scope of the agent's authority, even though they are beyond the actual scope of the authority. *Queen of Arkansas Ins. Co.* v. *Malone,* 111 Ark. 229. The authority of an agent to sell goods does not necessarily imply authority to collect the proceeds unless there are circumstances or appearances "which give color to the belief in the purchaser that the authority exists." *Meyer* v. *Stone,* 46 Ark. 210.

(4) In the present case the goods were not delivered by Burke, and his authority to sell did not necessarily imply the authority to collect the proceeds, but the evidence is undisputed that the authority was in fact given to him to collect the accounts for sales. The real question presented is whether or not he had authority to accept defendant's time check in payment of the price of the flour, for if he had no such authority, or if it was not within the apparent scope of his authority, then the defendant's plea of payment is unfounded. The testimony is, as we have already shown, uncontradicted, that no express authority was given by the plaintiff to Burke to collect in anything except money, and it seems to be well settled by the authorities that the authority of an agent to collect does not include authority to collect in anything else except in current funds.

Mr. Mechem, in his work on the law of Agency, says (Sec. 375): "An agent authorized merely to collect a demand or to receive payment of a debt, can not bind his principal by any arrangement short of actual collection and receipt of the money. He can not, therefore, take

in payment the note of the debtor payable either to himself or to his principal." Precisely the same rule is laid down in 1 Clark & Skyles on Agency, p. 645, and 1 Am. & Eng. Ency. of Law, p. 1027.   See also, *Blumberg v. Life Interests & R. S. Corporation* (1897), 1 Ch. Div. 171, 66 Law J. Ch. 127; *Pate* v. *Westacott,* 1 L. R. Queen's Bench (1894) 272; *Harlan* v. *Ely,* 68 Cal. 522; *Holt* v. *Schneider,* 57 Neb. 523; *Drain* v. *Doggett,* 41 Ia. 682; *Baldwin* v. *Tucker,* (Ky.) 23 Ky. Law Rep. 1538, 57 L. R. A. 451; *Broughton* v. *Sillawoy,* 114 Mass. 71; *Cooney* v. *U. S. Wringer, Co.,* 101 Ill. App. 468.

(5-6)    The authorities seem to be quite unanimous in holding that without express authority from the principal an agent can not accept any kind of commercial paper in satisfaction of a debt due to the principal.   Of course, if an ordinary check is given in accordance with business customs, and is for immediate presentation, it constitutes merely a vehicle for the collection, and if the check is in fact paid, it amounts to the same as if the money itself had been paid over; but such is not the case here.   The paper taken by Burke was a time check payable to himself and was accepted by the defendant, being the same in effect as if he had accepted the defendant's negotiable promissory note payable to his own order. This kind of paper falls squarely within the cases which hold that the acceptance of such paper is not within the implied authority of an agent who is merely authorized to collect and who has no express authority to accept commercial paper.   The acceptance of the paper was therefore neither within the actual nor the apparent scope of Burke's authority, and the plaintiff was not bound by it unless it consented to this method of its agent doing business or ratified the act.

The instructions given by the court are in accord with the law as herein announced, but instructions were given, over the objections of defendant, submitting to the jury the question whether or not the plaintiff permitted Burke to collect in that way, or whether the plaintiff ratified such collections made by Burke.   One of the instructions

given was as follows: "You are instructed that if J. E. Burke, as agent for the Hadley Milling Company for a long period of time, had been making drafts upon the customers with whom he dealt, and that such drafts were in the name of the said J. E. Burke, and these customers were required to accept such drafts as evidences of the indebtedness due or owing by them, if the said Burke was in the habit of cashing said drafts or putting them up as collateral security before the date of the maturity thereof, and was remitting the proceeds thereof to the Hadley Milling Company, then as a matter of law the said Hadley Milling Company will be deemed to have had notice thereof and to have authorized such acts."

We think there was no testimony in this case which justified the giving of that instruction. The uncontradicted testimony of the president and the secretary and the manager (it appearing that they are the only ones with authority to make contracts for the company) is that they had never known of Burke accepting paper of this kind, and had no information whatever that he had accepted this paper from defendant. It is true, defendant attempted to prove that it was Burke's general custom to take paper of this kind, but the proof is not sufficient to warrant an inference that the custom was known to plaintiff or was general in its nature. In fact, it can scarcely be said that there was any competent proof at all, and that which defendant adduced was not competent, for the witnesses merely stated that there was such a custom, but their own testimony shows that their statements were based merely upon conclusions and not upon facts within their knowledge. There are only two instances (or perhaps one) pointed out where Burke had adopted this means of making collections, and there is no proof that the plaintiff had any information concerning those instances. The court erred in permitting the witnesses to make the statements concerning this custom without first showing some knowledge of the facts upon which the conclusion was based, and also erred in submitting the question to the jury of ratification on the

part of the plaintiff by acquiescence in this method of making collections.

We have not overlooked that feature of the case, pressed by counsel for defendant, that there was some proof showing that the contract between plaintiff and Burke embraced a stipulation that in the event payments were not made within sixty days on sales made through Burke's agency, he should be responsible for the price himself. That was brought into the case by the introduction of a complaint in an action instituted by the plaintiff against another party, and the court permitted it to be introduced on the theory that it was an admission that such were the terms of the contract. That feature of the contract, however, even if we hold that the complaint in the other case was sufficient to amount to proof of substantive character, does not alter the fact that there was no authority to collect otherwise than in money. If, as stated by plaintiff's witnesses, the authority of Burke under the contract was to make sales and collect the proceeds, without any express authority to collect otherwise than in money, then the additional feature of the contract making him liable personally for all sales where the collections were not made within sixty days, would not imply an authority to collect otherwise than in money. That additional contract was merely one imposing liability on the part of the agent himself in the event the purchaser did not pay, and does not of itself constitute authority to make collections otherwise than in money.

We find, therefore, no facts or circumstances in this case sufficient to sustain the verdict in defendant's favor. The judgment is therefore reversed and the cause is remanded for a new trial.