## WELLS *v.* McKAY.

### Opinion delivered March 5, 1923.

PRINCIPAL AND AGENT—POWER OF AGENT TO RENT LAND.—A power of attorney which authorized an agent to collect rent, sell crops, make settlements concerning the property or "do any other thing that may seem to him best in the premises," *held* not to authorize the agent to lease the premises, the general language quoted referring to the particular facts specifically mentioned.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. W. Bandy,* Judge; affirmed.

*Davis, Costen & Harrison,* for appellant:

1. Under the uncontroverted evidence in this case, there is the plain inference that Mrs. Stacy knew of Allee's contract with the appellant, and that he acted as her agent in the transactions with him. Such being the case, it was her duty to repudiate his agency in the matter of the rental contract. 21 R. C. L. 919, § 99; 80 Ark. 302; 96 Ark. 505; 124 Ark. 360; 96 U. S. 648.

2. The power of attorney of itself gave Allee authority to rent the land; but, if there is any doubt as to the import of the language used, it should be construed most strongly against the grantor of the power, where the interests of third parties intervene. 79 A. S. R. 127; 98 *Id.* 553.

*R. A. Nelson,* for appellees.

Allee was authorized to *collect* rents, but he was not authorized by the power of attorney to enter into rent or lease contracts. 4 Elliott on Contracts, § 2868.

Appellant having been advised by Allee himself that he was the agent of Mrs. Stacy, it was appellant's duty,

at his own peril, to ascertain the scope of the agent's authority. 62 Ark. 3; 105 Ark. 111; 119 Ark. 53. See also 66 Ark. 256; 31 Cyc. 1049; *Id.* 1053; *Id.* 1073; *Id.* 1075.

WOOD, J. This action was instituted by the appellees against the appellant to recover the possession of a certain tract of land in Mississippi County. The appellees alleged that appellant rented the land for the year 1919, and took possession thereof and cultivated the same for that year, and that his rent contract expired January 1, 1920, but that appellant refused to surrender possession, although duly notified in writing so to do. The appellant answered denying that he unlawfully retained the premises, but set up that he was holding the same under a written contract with the owner executed by her attorney in fact, which contract he set out and made an exhibit to his answer, the material part of which is as follows: "I hereby authorize the said Sam Wells to gather and market the third of the corn and the fourth of the cotton if he should deem it best to do so. I have also agreed that he shall have the place for 1920 on the same terms he now holds it, or, if we later agree to a money rent, he shall have the place for $8 per acre."

The undisputed testimony shows that the appellant on September 17, 1919, entered into a written contract for the rent of the land in controversy for the year 1920 with F. M. Allee, who signed the same as "attorney in fact for Mrs. Abigail Stacy." The authority of Allee is contained in a power of attorney signed by Mrs. Stacy, which constitutes Allee her attorney in fact and prescribed his authority as follows: "* * * for the purpose of collecting my rent, and selling any or all crops of any description or making disposition of the same, and that any act or acts done by my said attorney I hereby ratify and confirm the same by these presents. * * * And he, my said attorney, is lawfully authorized and employed to make any and all settlements concerning the same property, or any interest therein, in my name, or do

any and all things that I could do, pay the taxes, or bring any suit to protect the title to the same, or do any other thing that may seem to him best in the premises. To sell or contract for the sale of the growing timber on said farm [describing same] * * * Said attorney to have full power to do anything whatsoever requisite and necessary to be done in the premises as fully as I could do if personally present, with full power of substitution and revocation, hereby ratifying and confirming all that F. M. Allee, or his substitute, said attorney, shall do or cause to be done by virtue hereof."

Soon after the rent contract was entered into, the appellees purchased from Mrs. Abigail Stacy, as evidenced by her warranty deed of October 19, 1919, the land in controversy. The negotiations for the purchase of the land were conducted with Mrs. Stacy by correspondence. The deed was brought to the appellee by F. M. Allee, and the appellees paid to him the consideration for the land. The appellees knew that the appellant was in possession at the time they purchased the land, and made it a condition of the sale that Mrs. Stacy deliver possession to them.

The testimony of Mrs. Stacy was to the effect that she did not authorize Allee or any one else to rent the land to the appellant for the year 1920, and that he had no contract with her to rent the land that year. The testimony on the part of the appellant showed that Allee collected the rents from the lands and directed the improvements that were made on the lands by the appellant while he was occupying the same. Upon the above facts the court directed a verdict in favor of the appellees. Judgment was entered in accordance with the verdict, from which is this appeal.

The only question on this appeal is whether or not Allee had authority, under the power of attorney in evidence, to rent the land for the year 1920. The court correctly construed the power of attorney as not giving Allee any such authority. The authority conferred upon

Allee is clearly expressed in the instrument, and nowhere in it do we find that he is given the authority to rent the land. His authority is to collect rent, sell crops and growing timber, make all settlements concerning the property, pay the taxes, bring suit to protect the title, or "do any other thing that may seem to him best in the premises."

The words, "do any other thing that may seem to him best in the premises" do not confer a general authority upon Allee to do anything not connected with the particular acts of authority previously designated. These words refer to the doing of anything that may be necessary to effectuate the particular acts of authority previously expressed. The objects of the power conferred upon Allee having been definitely expressed, the instrument cannot be construed to include other powers and objects not connected with these specifically mentioned. See *Welch* v. *McKenzie,* 66 Ark. 256-58. As we construe the instrument, it does not confer authority upon Allee to act generally in all matters concerning the land in controversy, but only the authority to act in the particulars mentioned, which, as we have said, nowhere mentions authority to rent. See 4 Elliott on Contracts, § 2868. Therefore Allee exceeded his authority in renting the land to the appellant for the year 1920. The facts do not warrant the inference that Mrs. Stacy was estopped from challenging the authority of her agent to rent the land. Appellant therefore in renting the land for the year 1920 dealt with Allee at his peril. See *U. S. Bedding Co.* v. *Andre,* 105 Ark. 111; *Bank of Hoxie* v. *Hadley Milling Co.,* 119 Ark. 53.

The court was correct in its interpretation of the power of attorney, and did not err in directing a verdict for the appellees. Therefore let the judgment be affirmed.