SINGER SEWING MACHINE COMPANY v. WAGGONER.

Opinion delivered October 14, 1929.

John S. Gatewood, for appellant.

Joe P. Melton and Bogle & Sharp, for appellee.

HUMPHREYS, J. This suit in replevin was brought by appellant against appellees, in the court of W. J. Beard, a justice of the peace in Lonoke Township, Lonoke County, to recover the possession of two electric sewing machines, valued at $300, claiming title thereto. Appellees

claimed title to the machines under sale and purchase thereof, evidenced by a bill of sale executed to them by appellant's agent, Harvey O. Brasfield, for a cash consideration of $100. The cause was tried on the issue joined in the court of common pleas of Lonoke County, on change of venue from the justice of the peace, resulting in an adverse judgment to appellant, from which an appeal was prosecuted to the circuit court. The cause was tried to a jury in the circuit court upon the pleadings, testimony and instructions of the court, with the same result, from which is this appeal.

At the conclusion of the testimony appellant asked the trial court to instruct a verdict in its favor, which the court refused to do, over its objection and exception. The undisputed evidence in the case warranted the request, and the court erred in not giving it.

Appellant employed Harvey O. Brasfield to sell sewing machines for it at Lonoke. He had been in its employment for quite a while in that vicinity. On December 7, 1927, he was fined $100 in the municipal court at North Little Rock for transporting liquor. Being without money to pay his fine, he requested the officer in whose custody he was to take him to appellant's office in Little Rock, where he applied for assistance. The manager refused to grant his request, and demanded that he turn over the machines stored at Lonoke, and to pay it what money he had on hand belonging to appellant. After Brasfield did this, the manager of appellant discharged him. Brasfield then prevailed upon the officer to take him to Lonoke for the purpose of raising money to pay his fine. After reaching Lonoke, some hour and a half after his discharge, he applied to Joe P. Melton to borrow money upon his insurance policy to pay the fine, and, when Melton refused to lend him any money, he offered to sell him the two sewing machines in question, which machines had been listed and constructively delivered to the manager by Brasfield before he left Little Rock. Melton declined to buy them. About that time appellees came in, and, after some negotiation with Brasfield, in the

presence of Melton and the officer, they purchased the machines for $50 each, about one-third of their value. No examination or inspection was made of the machines by appellees. They were stored at some other place in Lonoke. Appellees took a bill of sale to the machines, and, after receiving same, laid the $100 on the table, which the officer picked up, and released Brasfield. Brasfield was not seen again by the manager of appellant.

The substance of the testimony, above detailed, discloses, beyond cavil or question, that Brasfield disposed of appellant's sewing machines for the purpose of paying his individual fine, and that appellees purchased the property with knowledge of the purpose for which it was to be used. The sale was not in due course. On the contrary, the machines were sold without inspection or examination, for one-third of the sales price, by an agent, while under arrest, for the purpose of paying his fine, and obtaining his release.

The law is that every one who deals with an agent must take notice of the want of authority on the part of the agent to use the proceeds arising from the deal for the agent's individual purposes. The proceeds could only be used or appropriated to the use and benefit of the principal, the employer. *Smith* v. *Janes,* 53 Ark. 135, 13 S. W. 701; *Groom* v. *Neff H. Co.,* 79 Ark. 401, 96 S. W. 135; *Bank of Hoxie* v. *Hadley Milling Co.,* 119 Ark. 53, 177 S. W. 891; *Briggs* v. *Collins,* 113 Ark. 190, 167 S. W. 1114, L. R. A. 1915A, 686.

The rule of law peculiarly applicable to the undisputed facts in the instant case is aptly stated in the case of *F. & T. Lumber Co.* v. *Devine,* 50 Cal. App. 102, 194 Pac. 754, 21 R. C. L. 913, in the following language: "A person who knowingly receives money or property of a principal from an agent, in payment of the latter's debt, does so at his peril, and if the agent acted without authority, the principal may recover."

On account of the error indicated the judgment is reversed, and the cause is remanded with instructions to the trial court to render judgment in favor of appellants

for the return of the machines, or their value in the sum of $275.

Kirby, J., dissents.